### JINKNER *v.* WIDMER.

1. JURY—SUBSTANTIVE RIGHT—CONSTITUTIONAL LAW.
   The right to trial by jury is a substantive right guaranteed by the Constitution of the State of Michigan (Const 1963, art 1, § 14).

2. SAME—PERFECTING RIGHT—PROCEDURE.
   The manner in which the right to trial by jury is perfected is procedural and is governed by statute and court rule (CLS 1961, § 600.2537; GCR 1963, 508.4).

3. TRIAL—RULES CHANGES—APPLICATION TO PENDING CASES.
   Changes in judicial procedure apply to all further proceedings in actions then pending (GCR 1963, 14).

4. SAME—JURY TRIAL—STATUTES—COURT RULES—PRETRIAL CONFERENCE.
   Denial of jury trial to plaintiff in action for injuries sustained in automobile accident *held*, not an abuse of discretion, where plaintiff had not paid jury fee by time of 1963 pretrial conference as then required by revised judicature act to perfect

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 31 Am Jur, Jury § 7 *et seq.*
[3] 20 Am Jur 2d, Courts § 85.
[4] 31 Am Jur, Jury § 41.
   Constitutionality of statute requiring party demanding jury to pay jury fees or charges incidental to summoning or impaneling of jurors. 32 ALR 865.

right to jury trial, notwithstanding plaintiff had complied with court rule governing right to trial by jury theretofore in effect entitling him to jury trial in 1962 when complaint had been filed, the saving clause of the act being inapplicable (CLS 1961, §§ 600.2537, 600.9905; GCR 1963, 508.4; Court Rule No 33 [1945]).

Appeal from Oakland; Moore (Arthur E.), J. Submitted Division 2 February 9, 1966, at Lansing. (Docket No. 1,068.) Decided April 26, 1966.

Complaint by John J. Jinkner against Roy A. Widmer and Eleanor Widmer for injuries arising from an auto accident. Judgment for plaintiff. Plaintiff, desiring verdict by a jury, appeals. Affirmed.

*Kenneth C. Davies,* for plaintiff.

*Hartman, Beier, Howlett & McConnell (Kenneth B. McConnell,* of counsel), for defendants.

LESINSKI, C. J. Appeal is taken by plaintiff from the entry of a judgment for the plaintiff after trial without jury.

On July 11, 1962, plaintiff filed a complaint for damages sustained in an automobile accident and at the same time made due demand for jury trial. The jury fee was not paid. In due course defendants filed an answer but made no demand for jury nor did they pay the jury fee. A pretrial conference was held September 27, 1963, and neither party paid the jury fee by the close of said pretrial conference or at any time thereafter. The court's pretrial summary was dated October 16, 1963, and indicated this was a jury case. On June 2, 1965, when this case regularly came on for trial, counsel for defendants moved that it be tried nonjury for the reason that

no jury fee had ever been paid theretofore which
was admitted by plaintiff. The court, after hearing
arguments on the record, granted defendants' mo-
tion. The cause thereupon proceeded forward as
a nonjury trial which was concluded June 2, 1965,
with the court directing the entry of a judgment for
plaintiff in the amount of $4,035.62, but no judgment
was then entered. Thereafter, on June 22, 1965,
plaintiff filed his claim of appeal to this Court. Sub-
sequently thereto and on July 1, 1965, the clerk of
the court prepared, signed, filed and entered the·
judgment in favor of plaintiff and against defend-
ants in the amount of $4,035.62 without costs.

The action was commenced prior to the effective
date of GCR 1963 and the plaintiff had complied
with Court Rule No 33 (1945) then governing the
right to trial by jury. The pretrial was held sub-
sequent to January 1, 1963, the effective date of
GCR 1963.

Defendants in moving for a nonjury trial sought
to invoke the provisions of GCR 1963, 508.4 which
reads in part as follows:

"The failure of a party to file a demand as re-
quired by this rule or to deposit the jury fee by the
close of the pretrial conference constitutes waiver
by him of trial by jury."

The question before this Court is whether the trial
court erred by ruling in accordance with GCR 1963,
508.4 that the admitted failure to pay the jury fee
by the close of the pretrial conference constituted
a waiver of trial by jury.

GCR 1963, 14 provides:

"These rules will take effect on January 1, 1963.
They govern all proceedings in actions brought after
that date and also all further proceedings in actions
then pending except to the extent that in the opinion
of the court their application in a particular action

pending when the rules take effect would not be feasible, or would work injustice, in which event, the former procedure applies."

The right to trial by jury is a substantive right guaranteed by the Constitution of the State of Michigan; see Const 1963, art 1, § 14. The manner in which this right is perfected is procedural and is governed by statute and court rule. CLS 1961, § 600.2537 (Stat Ann 1962 Rev § 27A.2537) provides in its material part that:

"Failure to pay the fee within the time provided in the court rules constitutes a waiver of the right to a jury trial."

Thus it may be that the adoption of the revised judicature act of 1963 and GCR 1963 and the changes brought forth by their provisions have strained the talents of the bench and the bar of Michigan. However, the rules of construction in cases such as this are clear. It has long been the law of Michigan that changes in judicial procedure apply to all further proceedings in actions then pending. See *In re Donovan's Estate* (1934), 266 Mich 362 (91 ALR 1418); *LaBar* v. *Cooper* (1965), 376 Mich 401; *Johnston* v. *Narmore* (1965), 1 Mich App 160.

Plaintiff in support of his position relies on the provisions of CLS 1961, § 600.9905 (Stat Ann 1962 Rev § 27A.9905) which state as follows:

"Except as specifically stated or reasonably inferred from the provisions of this act, this act shall not impair or affect any act done, offense committed or right accruing, accrued, or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time this act takes effect, but the same may be enjoyed, asserted, enforced, prosecuted, or inflicted as if this act had not been passed."

This Court does not find this section of the statute to have application herein as the rights of the plain-

tiff to trial by jury were not taken from him by legislative or judicial fiat, but rather by his failure to comply with the procedural rules for perfecting his right to trial by jury.

Though it may be that this writer in passing upon the motion in the first instance might have provided a different result under the circumstances of this case, there is nothing shown herein to indicate that the trial court abused its discretion in denying the plaintiff a jury trial. See GCR 1963, 509.2.

Affirmed. Costs to appellee.

T. G. KAVANAGH and QUINN, JJ., concurred.