## EMAHISER *v.* COMMON PLEAS JUDGE

1. ACTION—COURT RULES—AMENDMENT—RETROACTIVE APPLICATION.

   Common pleas court rule amendment which allows reinstatement upon good cause shown of an action dismissed for lack of progress *held,* applicable to a replevin action dismissed before the effective date of the amendment and at a time when reinstatement was not permitted (common pleas court rule 16, § 2).

2. COURTS—COMMON PLEAS COURT—PROMULGATION OF RULES.

   The power of the common pleas court to promulgate rules of procedure is unquestioned (CL 1948, § 728.17).

3. COURTS—COURT RULES—RETROACTIVE APPLICATION.

   A newly-devised court rule, or amendment, is *prima facie* applicable to actions pending at the time of adoption and a former rule governs only if application of a new rule would work an injustice or is not feasible (GCR 1963, 14).

4. ACTION—REINSTATING ACTION—DISCRETION.

   Common pleas judge *held,* not to have abused his discretion in finding that good cause was shown for reinstating a replevin action which had been dismissed for no progress, where he found that replevisor was justified in relying on purchaser's statement that replevisor could "keep the merchandise" and was justified in believing that purchaser had waived his rights in a replevied television-phonograph console (common pleas court rule 16, § 2).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 20 Am Jur 2d, Courts § 85.
   Necessity that court rule be prospective in operation.   110 ALR 54.
[2] 20 Am Jur 2d, Courts § 82.
[4] 5 Am Jur 2d, Appeal and Error § 955.

Appeal from Wayne, Charles S. Farmer, J. Submitted Division 1 April 10, 1969, at Detroit. (Docket No. 6,236.)   Decided June 26, 1969.

Richard Emahiser sought an order of superintending control in the Wayne county circuit court directing John W. Connolly, Detroit Common Pleas judge, to vacate an order which reinstated a replevin action.   Order of superintending control granted. Defendant appeals.   Order of superintending control vacated and order reinstating replevin action affirmed.

*Albert H. Zlatkin,* for plaintiff.

*Garan, Lucow & Miller,* for defendant.

Before: LESINSKI, C. J., and FITZGERALD and V. J. BRENNAN, JJ.

V. J. BRENNAN, J.   This is an appeal from an order of superintending control* over Judge John W. Connolly of the common pleas court for the city of Detroit, directing him to vacate an order which reinstated a certain replevin action dismissed for lack of progress.   The events preceding the order of superintending control may be related as follows:

On November 15, 1967, Sears, Roebuck & Co. instituted a replevin action against plaintiff, Richard Emahiser, in the common pleas court for the city of Detroit.   A writ of replevin was issued and the bailiff took possession of a television-phonograph console from Emahiser.   The replevin proceedings were dismissed on December 7, 1967, for lack of progress as neither Emahiser nor Sears, Roebuck

---

* MCLA § 600.615 (Stat Ann 1962 Rev § 27A.615); GCR 1963, 711.

& Co. took further action. Emahiser had telephoned
the credit department of Sears, and upon being told
that he would have to pay the balance owing on the
console plus $48.00 in costs and attorney fees, he in-
formed Sears that they could "keep the merchan-
dise". Feeling that Emahiser had waived any right
in the console, Sears decided not to pursue a judg-
ment on the writ.

On January 11, 1968, Emahiser and his wife
brought suit against Sears, Roebuck & Co. and its
attorney, William J. DeBiase, in Wayne county cir-
cuit court, seeking $1,150.00 as damages for the
wrongful seizure of the console.

On March 4, 1968, Sears, Roebuck & Co. filed a
motion to reinstate the replevin proceedings in the
common pleas court. On March 18, 1968, Judge
Connolly granted the motion to reinstate pursuant
to common pleas court rule 16, § 2 (as amended
March 18, 1968). In response to this grant, Ema-
hiser filed a complaint in Wayne county circuit court
seeking the order of superintending control from
which this appeal is taken.

Emahiser contended that retroactive application
of common pleas rule 16, as amended, is beyond the
court's jurisdiction and, alternatively, that Judge
Connolly erred in ruling that good cause for rein-
statement had been shown.

At the time of the dismissal of the replevin ac-
tion for lack of progress, common pleas rule 16 did
not allow for reinstatement once dismissal had been
ordered. This rule was subsequently amended, how-
ever, to provide:

"Sec. 2. An action dismissed for lack of progress
may be reinstated in conformity with the provisions
of this rule by the Presiding Judge upon good cause
shown.

"Sec. 4. An action may not be reinstated more than once, or after the elapse of six months from the date of the dismissal thereof."

The motion to reinstate was made well within the 6-month limitation of § 4. Perhaps fortuitously, the effective date of these amendments coincided with the day on which plaintiff's motion was heard.

The issue presented by the reinstatement is two-fold: Can rule 16, as amended, be applied to an action dismissed at a time when reinstatement was not permitted, and if it can, did Judge Connolly abuse his discretion in holding that "good cause" for reinstatement was shown?

Directing attention to the first aspect, the power of the common pleas court to promulgate rules of procedure is unquestioned. CL 1948, § 728.17 (Stat Ann 1962 Rev § 27.3667) provides in part:

"* * * Such judges shall prescribe the form of all summons, writs and other process to be issued by such court and may adopt rules not inconsistent with the other provisions of this act governing the time and manner of filing and serving pleading and the form thereof, the dismissal and adjournment of causes, the entry and setting aside of defaults and default judgments, the extension of time for pleading, and all other matters of pleading, practice, and procedure not inconsistent with the provisions of this act."

The difficulty lies in the determination whether the pending matter is to be governed procedurally by the newly promulgated rule or, when the rules conflict, by the superseded rule in effect at the commencement of the action. GCR 1963, 14 affords certain guidance in resolving this problem:

"These rules will take effect on January 1, 1963. They govern all proceedings in actions brought after

that date and also all further proceedings in actions then pending except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible, or would work injustice, in which event, the former procedure applies."

The newly devised rule, or amendment, is thus *prima facie* applicable. The former rule governs only if the use of the new rule would work an injustice or is not feasible.

With this standard in mind, we hold that rule 16, *as amended,* is applicable. The interest protected by the dismissal for lack of progress is insignificant when contrasted to the countervailing policy that the controversy be adjudicated on its merits. See the separate opinion of DETHMERS, KELLY and O'HARA, JJ. in *Walters v. Arenac Circuit Judge* (1966), 377 Mich 37. This contrast is especially striking when, as here, the rule allows reinstatement only within a 6-month period after dismissal (and then only for good cause), and the reinstatement is granted within that period. It is apparent that no injustice has been worked by the application of the amended rule.

Rule 16, as amended, permits reinstatement upon "good cause shown." Judge Connolly found that Sears, Roebuck & Co. was justified in relying on Emahiser's statement and believing that he had waived his rights in the console. He accordingly ruled that good cause had been shown. We are unable to say that Judge Connolly abused his discretion.

Order of superintending control is hereby vacated.

Common pleas order to reinstate proceedings is hereby affirmed. Costs to defendant.

All concurred.