GONIWICHA v HARKAI

## ORDER

Entered December 23, 1974.—REPORTER.

On order of the Court, the application by plaintiffs and appellants for leave to appeal is considered and the same is hereby granted. The Court, on its own motion, pursuant to GCR 1963, 865.1(7) peremptorily reverses the Court of Appeals.

Plaintiffs commenced this action on November 23, 1970 to recover for injuries suffered in an accident which occurred on July 27, 1969. The action was dismissed for lack of progress on February 14, 1972 but was reinstated on March 20, 1972.

Personal service was not effected until June 23, 1973, almost 4 years after the accident, 2 years and 7 months after suit was commenced.

From 1969 until June 6, 1972, defendant was a nonresident of Michigan. Plaintiffs did not place the summons in the hands of an officer but employed a professional process server who was unable to serve the defendant. After the defendant again became a resident of Michigan on June 6, 1972, plaintiffs, on September 5, 1972, attempted to take advantage of the procedures for serving out-of-state residents by serving a copy of the summons on the Secretary of State and directing a registered mail letter to the defendant out of state, which was forwarded to the defendant and received by him in Michigan.

In *Buscaino v Rhodes,* 385 Mich 474, 484 (1971), this Court held that, for purposes of the statute of

limitations as well as other purposes, an action is commenced upon filing of a complaint:

"We, therefore, hold that plaintiffs did comply with the statute of limitations, in that the complaint was filed pursuant to GCR 1963, 101 and the action commenced and, the provisions of the statute of limitations thus being met, the fact of subsequent service of the complaint can in no way affect the commencing of the action."

Subsequently, this Court amended GCR 1963, 102 to provide that a *summons* shall not be valid for longer than 180 days from the date of the filing of the complaint, to require dismissal without prejudice of actions where the defendant has not been served within 180 days, and imposing upon the clerk of the court the duty of entering such an order of dismissal.

The trial judge dismissed on the basis of GCR 1963, 102.4 and 102.5, reasoning:

"Granting that *Buscaino v Rhodes,* 385 Mich 474, decided that the date a lawsuit is started is to be determinative of statute of limitations questions, the provisions of GCR 102.5 allow 180 days for service. 180 days after plaintiff started suit would be May 23, 1971. Plaintiffs' attorney service on the secretary of state was on May 5, 1972.

"Furthermore, plaintiffs' cause of action arose on July 27, 1969, the date of the accident. On July 28, 1972, more than the three years allowed by the statute of limitations had expired."

The unreported opinion of the Court of Appeals, affirming the trial court, reads:

"Plaintiffs brought an action seeking to recover for injuries sustained in an automobile accident. Defendant's motion for an accelerated judgment was granted on the ground that the defendant had not been properly served with process and that the

action was now barred by the statute of limitations; MCLA 600.5805(7); MSA 27A.5805(7).

"An examination of the record and briefs discloses no prejudicial error.

"Affirmed on the authority of *Krontz v Estovez,* 49 Mich App 30; 211 NW2d 213 (1973)."

The statute of limitations was tolled from and after November 23, 1970, the date that this action was commenced.

While amended Rule 102 obliges the clerk of the court to dismiss a complaint upon the expiration of 180 days from the date of the filing of the complaint and provides that he shall "automatically enter an order of dismissal", the rule is not self-executing and until the clerk in fact dismisses the complaint, the complaint is not dismissed.

In this case the clerk of the court did not dismiss plaintiffs' complaint pursuant to GCR 102.5. Personal service was effectuated before the trial judge entered his order dismissing this action on the ground that it was barred by the statute of limitations.

We disapprove of the reasoning of the Court of Appeals in *Krontz v Estovez, supra,* and *Wright v Estate of Treichel (on reh),* 47 Mich App 626, 629 (1973), construing *"Buscaino* as holding that once a complaint has been filed within the time limits prescribed by a statute of limitations, service of the summons and complaint may be made within a reasonable time after the period provided in the statute for timely commencement of an action."

The "reasonable time" limitation on the *Buscaino* holding is at odds with the procedure set forth in amended Rule 102 providing for dismissal of actions in cases in which service is not effected. That procedure governs without regard to the "reasonableness" of the time which has elapsed

since commencement of the action or since the date on which the statute of limitations would otherwise expire.

The order granting defendant's motion for accelerated judgment is hereby reversed. The matter is remanded to the Circuit Court for the County of Wayne for further proceedings consistent with this order. This Court retains no further jurisdiction over the matter.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Sheldon J. Stark)*, for plaintiffs. *Harvey, Kruse & Westen, P. C.* (by *Peter J. Collins)*, for defendant. (Docket No. 56182.) Case below, Court of Appeals No. 17914, memorandum opinion of July 16, 1974.