BRASHERS v JEFFERSON

1. LIMITATION OF ACTIONS—FILING OF COMPLAINT—COMMENCEMENT OF ACTION.

The filing of a civil complaint commences an action for purposes of a statute of limitations.

2. PROCESS—SERVICE OF PROCESS—NOTICE TO DEFENDANT—DISMISSAL —INVALID SERVICE—COURT RULES.

The court clerk shall dismiss every civil action as to any defendant who has not been served with process personally, by substituted service or publication within 180 days from the date of the filing of the complaint and who has not filed any pleading in the action within that period and, the summons is invalid and service of process is not effective where personal service occurs more than 180 days after the complaint is filed even though dismissal of the action by the clerk may not have occurred (GCR 1963, 102.5).

3. COURTS—COURT RULES—RETROACTIVITY—CHANGES—FURTHER PROCEEDINGS—PENDING PROCEEDINGS.

Court rules are generally not employed retroactively; a change in a court rule applies to all further proceedings on or after the effective date in actions then pending.

4. PROCESS—SERVICE OF PROCESS—AMENDMENTS—TIME LIMITS—PREJUDICE—COURT RULES.

Any kind of legal process may be amended at any time; only where it clearly appears that material prejudice would result to the substantial rights of another party must an amendment be denied (GCR 1963, 102.3).

5. PROCESS—SERVICE OF PROCESS—NOTICE TO DEFENDANT—AUTOMATIC DISMISSAL—CONSTRUCTIVE NOTICE.

A plaintiff is on constructive notice that his action is subject to

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitations of Actions §§ 107–137.
[2] 62 Am Jur 2d, Process § 157 *et seq.*
[3] 20 Am Jur 2d, Courts § 82 *et seq.*
[4] 62 Am Jur 2d, Process §§ 21–25.
[5] 62 Am Jur 2d, Process §§ 65–129.

automatic dismissal if he fails to serve his adversary within 180 days.

Appeal from Kalamazoo, Donald T. Anderson, J. Submitted May 4, 1976, at Grand Rapids. (Docket No. 24378.) Decided August 4, 1976. Leave to appeal applied for.

Complaint by James Brashers against John W. Jefferson for damages arising from an automobile collision. At retrial, complaint dismissed. Plaintiff appeals. Affirmed.

*Ford, Kriekard, Staton, Allen & Decker,* for plaintiff.

*James, Dark & Craig,* for defendant.

Before: BASHARA, P. J., and ALLEN and C. J. HOEHN,* JJ.

BASHARA, P. J. This is an appeal of a dismissal of an automobile negligence action by the Kalamazoo County Circuit Court Clerk pursuant to the 180-day rule of GCR 1963, 102.5.

On April 6, 1970, the appellant and appellee were involved in an automobile collision. The appellant filed a complaint against the appellee on October 30, 1972.[1] In the meantime the appellee left Michigan without the appellant obtaining service of process. Appellant unsuccessfully attempted to serve appellee under the nonresident motorist statute. MCLA 257.403; MSA 9.2103.

Appellant was personally served in Muncie, Indiana on August 7, 1973. Proof of service was filed August 10, 1973. On September 19, 1973, the circuit court clerk entered an order pursuant to GCR 1963, 102.5 dismissing the complaint.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] This was the first of a number of lawsuits brought by the appellant against the appellee. For further details *see Brashers v Jefferson,* 64 Mich App 540; 236 NW2d 132 (1975), *lv den,* 395 Mich 822 (1975).

On February 21, 1974, the trial judge filed an opinion and order denying appellant's motion to set aside the dismissal and reinstate the action. On March 11, 1975, the appellant moved to vacate the trial judge's order of February 21, 1974, relying on *Goniwicha v Harkai,* 393 Mich 255; 224 NW2d 284 (1974). The trial judge denied the motion distinguishing *Goniwicha.*

The first issue presented on appeal is whether the dismissal of an action by the clerk of the court pursuant to GCR 1963, 102.5 is valid, when personal service occurred more than 180 days after the date the complaint was filed, GCR 1963, 102.4, but before dismissal by the clerk.

In *Buscaino v Rhodes,* 385 Mich 474; 189 NW2d 202 (1971), the plaintiffs filed their complaint before the statute of limitations ran. Service of process occurred some 50 days after expiration of the statute of limitations. The Michigan Supreme Court held that filing the complaint commenced the action for the purposes of the statute of limitations.

As a result of the holding in *Buscaino,* the question arose regarding the length of time the plaintiff had to effectuate service. In response to *Buscaino,* the Michigan Supreme Court adopted amendments to GCR 1963, 102.

The relevant amendments, GCR 1963, 102.4 and 102.5 became effective July 1, 1972. GCR 1963, 102.4 provides:

".4 Expiration. No summons shall be valid for longer than 180 days from the date of the filing of the complaint with the court. Duplicate summons shall not have the effect of extending the expiration of the original summons."

GCR 1963, 102.5 was amended October 24, 1972, for clarity purposes[2] to provide in material part:

".5 Dismissal of Action, Defendants not Served. Every action shall be dismissed, without prejudice, as to any defendant in the action who has not been served with process personally, by substituted service or by publication within 180 days from the date of the filing of the first complaint in the action with the court unless that defendant has filed any pleading in the action within that period of time, in which event, the action shall not be dismissed as to that defendant.

"(1) Upon the expiration of 180 days from the date of the filing of the first complaint in the action with the court, the clerk of the court in which the complaint was filed shall examine the court records in the action and, if he determines that any defendant in the action has not been served with process within that period of time, he shall automatically enter an order of dismissal as to that defendant as provided above. This sub-rule shall not apply if that defendant has filed any pleading in the action within that period of time."

On December 23, 1974, the Michigan Supreme Court entered an order in *Goniwicha v Harkai, supra,* construing GCR 1963, 102.5. In *Goniwicha* the plaintiff commenced an action on November 23, 1970, to recover for injuries suffered in an automobile accident occurring on July 27, 1969. From 1969, to June 6, 1972, the defendant was a nonresident of Michigan. Apparently unaware that the defendant had returned to Michigan, the plaintiffs attempted to serve the defendant pursuant to the nonresident motorist statute. MCLA 257.403; MSA 9.2103. Service was had on the Secretary of State on September 5, 1972, and a registered letter sent to the defendant's out of state address, was forwarded to and received by him in Michigan on

---

[2] *See* 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1975 Supp, p 12.

September 14, 1972.[3] Plaintiffs personally served the defendant on June 23, 1973.

The order in *Goniwicha* mentioned GCR 1963, 102.4, but failed to explain why GCR 1963, 102.4 was not applicable or controlling. Instead the Court relied upon GCR 1963, 102.5, stating:

"While amended Rule 102 obliges the clerk of the court to dismiss a complaint upon the expiration of 180 days from the date of the filing of the complaint and provides that he shall 'automatically enter an order of dismissal', the rule is not self-executing and until the clerk in fact dismisses the complaint, the complaint is not dismissed.

"In this case the clerk of the court did not dismiss plaintiffs' complaint pursuant to GCR 102.5. Personal service was effectuated before the trial judge entered his order dismissing this action on the ground that it was barred by the statute of limitations." *Goniwicha v Harkai, supra,* at 257.

It is our opinion that *Goniwicha's* failure to discuss or rely on GCR 1963, 102.4 can be explained by the Supreme Court's refusal to administer the court rule retroactively. Generally, court rules are not employed retroactively. *People v Kerridge,* 20 Mich App 184, 191; 173 NW2d 789 (1969). But see *Emahiser v Common Pleas Judge,* 18 Mich App 295; 171 NW2d 47 (1969). A change in a court rule applies to all further proceedings on or after the effective date in actions then pending. *Jinkner v Widmer,* 3 Mich App 155, 158; 141 NW2d 692 (1966), *Estate of Dauer v Zabel,* 9 Mich App 176; 156 NW2d 34 (1967), *vac'd on other grounds,* 381 Mich 555; 164 NW2d 1 (1969). See

---

[3] The fact was not set forth in the facts of *Goniwicha v Harkai,* 393 Mich 255; 224 NW2d 284 (1974), but was taken from the uncontested facts in the briefs filed before the Supreme Court on an application for leave to appeal.

also *Genesee Merchants Bank & Trust Co v Bourrie,* 375 Mich 383, 388; 134 NW2d 713 (1965).

We believe that in *Goniwicha* the Supreme Court followed existing precedent and applied GCR 1963, 102.4 and 102.5 from their effective date of July 1, 1972. We further believe that the Supreme Court found that service occurred on September 14, 1972. This finding would negate any necessity to discuss GCR 1963, 102.4 as it applies to *Goniwicha,* since the summons was served within 180 days of the effective date of the court rule.

We are of the opinion that the only way to rationally explain *Goniwicha* is to assume that personal service on June 23, 1973, merely amended the service on September 14, 1972. GCR 1963, 102.3 allows for amendment of service of process. *Barber v Tuohy,* 33 Mich App 169, 174; 189 NW2d 722 (1971), *lv den,* 385 Mich 765 (1971), construed GCR 1963, 102.3 as follows:

"It will be observed that under Rule 102.3 process can be amended at *any* time. *Any* kind of process may be amended. Only where it *clearly* appears that *material* prejudice would result to the *substantial* rights of the other party must the amendment be denied."

Since "any kind" of process may be amended, service under the nonresident motorist statute was amended by personal service. Furthermore, if service of process can be amended at "any time", GCR 1963, 102.4 would not apply to amendments. Therefore, the Supreme Court must have found that personal service on June 23, 1973, amended service on September 14, 1972, under the nonresident motorist statute. The amendment related back to September 14, 1972. See *Barber v Touhy, supra,* at 177–178.

For the reasons discussed above we hold that the

order in *Goniwicha v Harkai, supra,* is distinguishable[4] and that the case at bar is controlled by GCR 1963, 102.4. The language of GCR 1963, 102.4 provides in clear and unambiguous terms that the summons is valid for no longer than 180 days from the date of filing the complaint. Service occurred more than 180 days after the complaint was filed. The summons was invalid. The court clerk properly dismissed the action since service of process had not occurred.

We reject any suggestion that the Supreme Court intended *Goniwicha* to expand indefinitely the amount of time for service of process beyond the 180-day provisions of GCR 1963, 102.4 and 102.5. See 22 Wayne L Rev 288–291. Those court rules were drafted in response to *Buscaino v Rhodes, supra,* which indefinitely extended the time for service of process, after the complaint was filed. To construe *Goniwicha* as suggested would negate the intention of the drafters of GCR 1963, 102.4 and 102.5.

Appellant finally contends that he was denied due process of law where the clerk failed to notify him of the dismissal. We find this argument to be without merit. Appellant is on constructive notice that the action is subject to automatic dismissal if he fails to serve his adversary within 180 days.

Affirmed. Costs to appellee.

---

[4] We decline to follow the obiter dictum in *Brashers v Jefferson, supra,* 556 that *Goniwicha v Harkai, supra,* would be controlling.