BRASHERS v JEFFERSON

Docket No. 58829. Argued November 2, 1977 (Calendar No. 9).—
Decided March 13, 1978.

James Brashers brought an action against John W. Jefferson for
damages arising from an automobile collision. The plaintiff
obtained personal service of process more than 180 days after
the complaint was filed but before the clerk of the court
dismissed the action, which is required by court rule to be
dismissed after 180 days. The Kalamazoo Circuit Court, Donald
T. Anderson, J., denied the plaintiff's motion to set aside the
dismissal and reinstate the action. The Court of Appeals,
Bashara, P.J., and Allen and Hoehn, JJ., affirmed (Docket No.
24378). Plaintiff appeals. *Held:*

1. The present court rule which requires the clerk to "auto-
matically enter an order of dismissal" in an action in which the
plaintiff fails to obtain service of process on the defendant
within 180 days after the complaint is filed, is not self-execut-
ing. Until the clerk in fact dismisses the complaint, the com-
plaint is not dismissed. The Court of Appeals erred in failing to
follow previous case law to that effect.

2. The Committee to Review and Consolidate the Court Rules
has recommended that this rule should be changed. The Court
has therefore published for comment a proposed amendment to
GCR 1963, 102 which specifically provides that "Failure of the
clerk to enter an order of dismissal does not continue an action
deemed dismissed" and places a one-year limit on the period for
which a judge may extend the summons.

Reversed and remanded for further proceedings.

70 Mich App 456; 245 NW2d 787 (1976) reversed.

*Ford, Kriekard, Staton, Allen & Decker, P.C.,* for
plaintiff.

*James, Dark, Craig & Brill* for defendant.

PER CURIAM. The sole issue in this automobile
negligence case is a procedural one: whether the

trial court erred in failing to set aside the clerk of the court's dismissal of this action because plaintiff's personal service of process on defendant, although it occurred before dismissal, nevertheless came after the 180-day period from the date of the filing of the complaint during which the summons is valid under GCR 1963, 102.4. Under our decision in *Goniwicha v Harkai,* 393 Mich 255; 224 NW2d 284 (1974), it is clear that plaintiff is entitled to reinstatement of his complaint. To clarify practice in this area, however, we today publish for comment a proposed change in Rule 102, similar to that recommended by the Committee to Review and Consolidate the Court Rules.

## I

A complaint was filed and a summons issued on October 30, 1972, in connection with an automobile accident between plaintiff and defendant on April 6, 1970. Plaintiff attempted to serve defendant under the nonresident motorist statute, but was unsuccessful. On August 7, 1973, however, plaintiff did obtain personal service on the defendant in Muncie, Indiana.

Subsequently, on September 19, 1973, the clerk of the circuit court entered an order dismissing the case without prejudice under GCR 1963, 102.5. Plaintiff's October 18, 1973 motion to set aside the dismissal was denied by the circuit judge, as was a second motion to set aside the dismissal based on *Goniwicha.* The Court of Appeals distinguished *Goniwicha* and affirmed. 70 Mich App 456; 245 NW2d 787 (1976).

## II

GCR 1963, 102.4 provides that:

"No summons shall be valid for longer than 180 days from the date of the filing of the complaint with the court. Duplicate summons shall not have the effect of extending the expiration of the original summons."

GCR 1963, 102.5 provides for dismissal of an action if a defendant is not served within 180 days from the filing of the complaint; the clerk is to "automatically enter an order of dismissal".[1]

In *Goniwicha,* service occurred more than 180 days after filing of the complaint and issuance of the summons, but before the clerk dismissed. The circuit judge later granted an accelerated judgment on the basis of subrules 102.4 and 102.5. This Court peremptorily reversed. The language of the order does not discuss 102.4, but does include the following:

"While amended Rule 102 obliges the clerk of the court to dismiss a complaint upon the expiration of 180 days from the date of the filing of the complaint and provides that he shall 'automatically enter an order of dismissal', the rule is not self-executing and until the clerk in fact dismisses the complaint, the complaint is not dismissed." 393 Mich 257.

---

[1] GCR 1963, 102.5:

"Every action shall be dismissed, without prejudice, as to any defendant in the action who has not been served with process personally, by substituted service or by publication within 180 days from the date of the filing of the first complaint in the action with the court unless that defendant has filed any pleading in the action within that period of time, in which event, the action shall not be dismissed as to that defendant.

"(1) Upon the expiration of 180 days from the date of the filing of the first complaint in the action with the court, the clerk of the court in which the complaint was filed shall examine the court records in the action and, if he determines that any defendant in the action has not been served with process within that period of time, he shall automatically enter an order of dismissal as to that defendant as provided above. This sub-rule shall not apply if that defendant has filed any pleading in the action within that period of time.

"(2) Notice of the entry of the order of dismissal shall be given by the clerk of the court as provided by rule 107 but failure to give such notice shall not affect the dismissal."

*Goniwicha* is controlling; the Court of Appeals erred in failing to follow it.

## III

Plaintiff urges us to continue the *Goniwicha* rule that a summons is valid until the clerk enters a dismissal, despite the language of Rule 102.4.

The Committee to Review and Consolidate the Court Rules has been critical of *Goniwicha:*

"*Goniwicha* held that GCR 102.5 was not self-executing. If the clerk did not enter a dismissal, none occurred. The rule created an administrative nightmare for the court clerks, and left the rights of the parties dependent on the administrative operations of the clerk's office. This situation was inequitable and unsatisfactory." 402A Mich 96 (1978).

Consequently, the committee has recommended a revised form of Rule 102 which specifically includes the provisions that "Failure of the clerk to enter an order of dismissal does not continue an action deemed dismissed". Proposed MCR 2.102E(2). We have been convinced by the committee's presentation that the rule should be changed and that when a change is adopted, *Goniwicha* should no longer be followed. We have therefore incorporated the committee's recommendation into a proposed amended Rule 102. We have, however, placed a one-year limit on the period for which a judge may extend the summons.

The proposed amendment to GCR 1963, 102 and DCR 102 is published for comment under GCR 1963, 933, as an appendix to this opinion. Comments should be forwarded to the clerk within 30

days after the rule is published in the Michigan Reports.

Reversed and remanded for further proceedings.

Kavanagh, C.J., and Williams, Levin, Coleman, Fitzgerald, Ryan, and Blair Moody, Jr., JJ., concurred.

## Appendix

GCR 1963, 102. Summons; Expiration of Summons; Dismissal of Action as to Defendants

.1–.3 (Unchanged.)

.4 Expiration. A summons expires 180 days after the date the complaint is filed unless the judge, within that 180 days, orders a second summons to issue for a definite period not exceeding one year from the date of the order. The judge may impose just conditions on the issuance of the second summons. Duplicate summonses, ordinarily issued, do not extend the life of the original summons.

.5 Dismissal of Action, Defendant not Served.
(a) 180 days after the first complaint in the action is filed, or if the court has extended the time for service under subrule 102.4, on the expiration of the 180-day period as extended,
(1) an action is deemed dismissed without prejudice as to a defendant who has not been served with process under rule 105 or 106, unless the defendant has submitted to the court's jurisdiction; and
(2) the clerk shall examine the court records and enter an order dismissing the action as to a defendant who has not been served with process or submitted himself to the court's jurisdiction.

(b) The clerk's failure to enter a dismissal order does not continue an action deemed dismissed. The clerk must give notice of the entry of a dismissal order under rule 107 and record the date of the notice in the case file. The failure to give notice does not affect the dismissal.

.6 (Unchanged.)

## DC Rule 102. Summons; Expiration of Summons; Dismissal of Action as to Defendants

.1–.3 (Unchanged.)

.4 Expiration. A summons expires 180 days after the date the complaint is filed unless the judge, within that 180 days, orders a second summons to issue for a definite period not exceeding one year from the date of the order. The judge may impose just conditions on the issuance of the second summons. Duplicate summonses, ordinarily issued, do not extend the life of the original summons.

.5 Dismissal of Action, Defendant not Served.
(a) 180 days after the first complaint in the action is filed, or if the court has extended the time for service under subrule 102.4, on the expiration of the 180-day period as extended,
(1) an action is deemed dismissed without prejudice as to a defendant who has not been served with process under rule 105 or 106, unless the defendant has submitted to the court's jurisdiction; and
(2) the clerk shall examine the court records and enter an order dismissing the action as to a defendant who has not been served with process or submitted himself to the court's jurisdiction.
(b) The clerk's failure to enter a dismissal order

does not continue an action deemed dismissed. The clerk must give notice of the entry of a dismissal order under rule 107 and record the date of the notice in the case file. The failure to give notice does not affect the dismissal.

.6–.7 (Unchanged.)