REID v A H ROBINS COMPANY

Docket No. 78-2151. Submitted March 6, 1979, at Detroit.—Decided
    August 21, 1979.

Larita and Matthew Reid, wife and husband, brought an action
    against A. H. Robins Company and others to recover for inju-
    ries allegedly caused by a Dalkon Shield, an intrauterine
    contraceptive device, manufactured by defendant Robins. Plain-
    tiffs moved for an order directing that a prior deposition taken
    in Kansas in another Dalkon Shield case, by other attorneys
    and without notice to the parties, be admitted into evidence at
    trial. Wayne Circuit Court, Michael J. Hand, J., denied the
    motion on the grounds that since the deposition predated the
    effective date of the Michigan Rules of Evidence (MRE) it would
    not be admissible because the new rules of evidence are not
    retroactive. Plaintiffs appeal, by leave granted, the denial of
    their motion. The question on appeal is whether a deposition
    taken in another case in 1975 is inadmissible in this case solely
    because it was taken before the effective date of the MRE.
    *Held:*

    A March 1, 1978, amendment to the court rules provides that
    the MRE governs proceedings in Michigan Courts. Amend-
    ments to court rules operate only prospectively and cannot be
    retroactively applied in a manner which will affect action
    taken in a proceeding that has been closed. However, amend-
    ments to court rules do apply to all further proceedings on or
    after the effective date in the amendment. Therefore, the MRE
    is applicable to the present case and all other cases tried after
    March 1, 1978. The trial court was in error in excluding the
    proposed evidence solely because the deposition was taken
    before the effective date of the MRE.

    Remanded for further proceedings.

1. EVIDENCE — RULES OF EVIDENCE — COURT PROCEEDINGS — COURT
    RULES.
    Michigan Rules of Evidence govern proceedings in the courts of

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 6.
[2, 3] 20 Am Jur 2d, Courts § 85.

this state and are applicable to all court actions and proceedings (GCR 1963, 601).

2. COURT RULES — AMENDMENTS — PROSPECTIVE APPLICATION.

Amendments to court rules operate only prospectively; this means that an amendment is not retroactively applied in a manner which will affect action taken in a proceeding which has been closed.

3. COURT RULES — AMENDMENTS — EFFECTIVE DATE.

Amendments to court rules apply to all further proceedings on or after the effective date in the amendment.

*Weiner & Hauser,* for plaintiffs.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy* (by *Ivin E. Kerr* and *Mark D. Heaphy*), for A. H. Robins Company.

Before: N. J. KAUFMAN, P.J., and T. M. BURNS and R. M. MAHER, JJ.

PER CURIAM. Plaintiffs bring this appeal by leave granted to review the trial court's pretrial ruling that a certain deposition would not be admissible in the pending trial of this action. Although the parties raise many arguments concerning the admissibility of this deposition, only one issue is properly before us at this time: whether a deposition taken in another case in 1975 is inadmissible in this case solely because it was taken before the effective date of the MRE. We answer in the negative and remand. If the matter goes to trial, the trial court shall determine whether the deposition is admissible under the MRE.

Plaintiffs brought this suit to recover for injuries allegedly caused by the Dalkon Shield, an intrauterine contraceptive device, manufactured by defendant A. H. Robins Company. Many other similar suits are pending or have been settled in

various state and Federal courts. The deposition in question here was taken in two of those suits in the State of Kansas. Defendant A. H. Robins was represented at the deposition by attorneys other than those representing it in this case. No notice of the taking of this deposition was filed in this case even though the attorney for the Kansas plaintiffs was acting "of counsel" for plaintiffs Reid.

When plaintiffs moved for an order directing that this Kansas deposition be admissible in the trial of this cause, the trial court held that since it predated the effective date of the MRE it would not be admissible because the new rules of evidence are not retroactive. The trial court did not attempt to determine whether it would have been admissible under previous case law. We must decide only whether the MRE applied, not the admissibility of this particular bit of proposed evidence.

MRE 101 provides in part:

"These rules govern proceedings in the courts of this State to the extent * * * stated in rule 1101 * * *."

MRE 1101 provides in part:

"* * * these rules apply to all actions and proceedings in the courts of this state."

The new MRE do not specifically deal with the present situation: evidence "created" before the effective date of the rules for use at a trial held after that date. However, GCR 1963, 601 provides:

"The rules of evidence governing proceedings in the

Michigan courts are the Michigan rules of evidence (MRE)."

This amendment to the court rules became effective March 1, 1978. The problem may be analyzed as though it were an amendment to the court rule.

Robins correctly argues that amendments to court rules operate only prospectively. This means only that an amendment is not retroactively applied in a manner which will affect action taken in a proceeding which has been closed. *Moore v Spangler,* 401 Mich 360, 368; 258 NW2d 34 (1977) (amendment to GCR 1963, 701 allowing oral argument in appeals in circuit court does not apply to circuit court appeals processed before the effective date of the amendment), *People v Kerridge,* 20 Mich App 184; 173 NW2d 789 (1969) (action of court in determining defendant's competency to stand trial was not to be measured by standards of court rule adopted after the trial court acted).

However, amendments to the rules do apply to all further proceedings on or after the effective date in the amendment. *Jinkner v Widmer,* 3 Mich App 155; 141 NW2d 692 (1966), *Brashers v Jefferson,* 70 Mich App 456; 245 NW2d 787 (1976), *rev'd on other grounds,* 402 Mich 399; 263 NW2d 243 (1978). Thus, the new rules of evidence will be applicable in this case and all other cases tried after March 1, 1978.

The trial court was in error in excluding the proposed evidence based solely on the effective date of the MRE. We have made no attempt to determine whether the evidence is otherwise admissible. This is a question for the court below to be decided when the evidence is offered.

Remanded for further proceedings. No costs.