SLEM v DAVID

Docket No. 78-4019. Submitted December 11, 1979, at Lansing.—
Decided April 21, 1980.

Thomas and Gail Slem filed a complaint in Washtenaw Circuit
Court on April 15, 1976, against Ernest P. David and Karen
Jannuzzi, seeking damages arising from an automobile accident
which occurred on April 23, 1973. They were unable to person-
ally serve defendant Jannuzzi and on October 8, 1976, obtained
an order for substituted service. On May 3, 1977, service
pursuant to the substituted service order was quashed, Washte-
naw Circuit Court, William F. Ager, Jr., J. Plaintiffs filed a
claim of appeal but stipulated to dismiss upon finding other
remedies believed to be available. On June 6, 1977, plaintiffs
commenced a second action. This time plaintiffs were able to
serve defendant Jannuzzi and she appeared in this separate
action. Jannuzzi moved for accelerated judgment, citing the
statute of limitations. Plaintiffs sought and obtained an order
permitting duplicate summons to be served on the April 15,
1976, complaint, which had never been dismissed. Jannuzzi,
although personally served with the duplicate summons, moved
for summary judgment on the ground that the court lacked
jurisdiction over the matter raised in the plaintiffs' original
complaint because summons on it had not been served within
180 days of the date the complaint was filed. Washtenaw
Circuit Court, Ross W. Campbell, J., agreed and dismissed
plaintiffs' suit. Plaintiffs appeal. The issues presented are: (1)
where the action had not been dismissed, was service which
was made more than 180 days after issuance of the summons
valid, and (2) was the duplicate summons valid? *Held:*

1. Court rules require the clerk of the court to obtain an
order dismissing a complaint if summons was not served within
the 180-day period. The clerk failed to dismiss the action.
Therefore, until the clerk did so, the summons was valid even
though 180 days had passed.

2. Service under the original complaint was valid because the

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 62 Am Jur 2d, Process § 5.

clerk failed to dismiss the action for lack of service. The validity of a duplicate summons is controlled by the life of the original summons, not by an inflexible 180-day time period. Therefore, since the original summons was valid, service under the duplicate summons was also valid.

Reversed.

1. Process — 180-Day Rule — Court Clerks — Failure to Dismiss Complaint — Court Rules.

A former court rule provided that a summons was valid for only 180 days from the date a plaintiff's complaint was filed; however, not all summonses expired after 180 days and a summons would be valid even though 180 days had passed where the clerk of the court failed to obtain an order dismissing the complaint after the 180-day time period (GCR 1963, 102).

2. Process — Duplicate Summons — 180-Day Rule — Validity of Duplicate Summons.

The validity of a duplicate summons under a former court rule was controlled by the life of the original summons, not by an inflexible 180-day time period, and as long as service under the original summons was valid, service under the duplicate summons was also valid (GCR 1963, 102).

*Tanielian & Bohan, P.C.* (by *Michael J. Cantor),* for plaintiffs.

*O'Hagan & Conlin, P.C.,* for defendants.

Before: T. M. Burns, P.J., and J. H. Gillis and Bashara, JJ.

T. M. Burns, P.J. Plaintiffs Thomas and Gail Slem appeal of right a July 5, 1978, lower court order granting defendants' motion to quash service of process and dismiss the instant action. We reverse.

This case arises out of an automobile accident that occurred on April 23, 1973. On April 15, 1976, plaintiffs filed a complaint alleging negligence on behalf of defendants. However, they were unable to personally serve defendant Jannuzzi, and on

October 8, 1976, they obtained an order for substituted service. Service pursuant to the substituted order was quashed on May 3, 1977. Plaintiffs filed a claim of appeal but stipulated to dismiss the appeal upon finding what they believed to be another available remedy.

On June 16, 1977, plaintiffs commenced a second action arising out of the same automobile accident. They were able to personally serve defendant Jannuzzi and she appeared in this separate action. When defendant Jannuzzi moved for accelerated judgment, citing the statute of limitations, plaintiffs sought and obtained an order permitting duplicate summons to be served on the April 15, 1976, complaint, which had never been dismissed. Although personal service on defendant Jannuzzi was made on the duplicate summons, she moved for summary judgment on the ground that the court lacked jurisdiction over the matter raised in plaintiffs' original complaint because summons on it had not been served within 180 days of the date that the complaint was filed. The lower court agreed and dismissed plaintiffs' suit. Plaintiffs now appeal and we reverse.

Under the provisions of GCR 1963, 102.4,[1] as it read at the time that the above related actions occurred,[2] a summons was valid for only 180 days

[1] That court rule provided: "No summons shall be valid for longer than 180 days from the date of the filing of the complaint with the court. Duplicate summons shall not have the effect of extending the expiration of the original summons."

[2] On March 20, 1979, subsections 4 and 5 of GCR 1963, 102 were repealed and replaced by the following language:

".4 Expiration. A summons expires 180 days after the date the complaint is filed unless the judge, within that 180 days, orders a second summons to issue for a definite period not exceeding one year from the date the complaint is filed. The judge may impose just conditions on the issuance of the second summons. Duplicate summonses, ordinarily issued, do not extend the life of the original summons.

".5 Dismissal of Action, Defendant not Served.

from the date that a plaintiff's complaint was filed. However, not all summonses expired after 180 days. Under GCR 1963, 102.5(1), the clerk of the court where a complaint was filed was required to obtain an order dismissing the complaint if the summons was not served within the 180-day time period. Until the clerk did so, the summons was valid even though 180 days had passed. *Brashers v Jefferson,* 402 Mich 399; 263 NW2d 243 (1978), *Goniwicha v Harkai,* 393 Mich 255; 224 NW2d 284 (1974).

In the instant case, defendant Jannuzzi was served pursuant to a duplicate summons. Prior to its amendment, GCR 1963, 102.4, stated that a duplicate summons did not extend the life of the original summons. Defendant Jannuzzi would have us distinguish between an original summons and a duplicate summons, and hold that although an original summons could be served at any time up to the date that a clerk enters an order of dismissal, a duplicate summons was valid only for the 180-day time period following the filing of the complaint. We find this interpretation of the court rule to be inconsistent with its plain language.

"(a) 180 days after the first complaint in the action is filed, or if the court has extended the time for service under subrule 102.4, on the expiration of the period as extended,

"(1) an action is deemed dismissed without prejudice as to a defendant who has not been served with process under rule 105 or 106, unless the defendant has submitted to the court's jurisdiction; and

"(2) the clerk shall examine the court records and enter an order dismissing the action as to a defendant who has not been served with process or submitted himself to the court's jurisdiction.

"(b) The clerk's failure to enter a dismissal order does not continue an action deemed dismissed. The clerk must give notice of the entry of a dismissal order under rule 107 and record the date of the notice in the case file. The failure to give notice does not affect the dismissal."

Inasmuch as this case arose under the original version of this court rule, the present amendments, which took effect on April 15, 1979, are not controlling.

Rule 102.4 unambiguously provided that service of process under a duplicate summons was not valid if the life of the original summons had expired. Thus, the validity of a duplicate summons was controlled by the life of the original summons, not by an inflexible 180-day time period. As long as service under an original summons was valid, service under a duplicate summons also was valid. In the instant case, service of process on defendant Jannuzzi under the original summons would have been valid because the clerk had not yet entered an order dismissing plaintiffs' complaint. Therefore, we hold that service on defendant Jannuzzi under the duplicate summons also was valid. To hold otherwise, would glorify form over substance.

Reversed. Costs to abide final outcome of this litigation.