## DAWSON v CARREKER

Docket No. 50482. Submitted June 10, 1981, at Detroit.—Decided August 18, 1981.

Carrie and William Dawson brought a personal injury action against Braziel Carreker, Larry Fields, James D. Berry, Inc., and Checker Cab Company in Wayne Circuit Court. The complaint was filed on May 5, 1978, but defendant Carreker was not served with process until June 17, 1979. Carreker moved for accelerated judgment on the grounds that the summons had expired, thereby automatically dismissing the action against him, and the statute of limitations had run. The general court rules were amended between the time the complaint was filed and the time service of process was made on Carreker. The rules before amendment did not automatically dismiss an action upon expiration of the summons but the amended rules do so provide. The trial court denied Carreker's motion, Irwin H. Burdick, J. On October 8, 1980, the Court of Appeals granted Carrker's application for leave to file an interlocutory appeal of the order denying the motion for accelerated judgment. *Held:*

Changes in judicial procedure apply to all further proceedings and actions then pending unless, in the opinion of the court, their application in a particular action pending when the rules take effect would not be feasible or would work injustice. In this case, application of the former rule, rather than the amended rule, would work an injustice.

Reversed.

1. PRETRIAL PROCEDURE — EXPIRATION OF SUMMONS — DISMISSAL — COURT RULES.

The general court rules provide that a summons expires 180 days after the original complaint is filed; if the court has not extended the time for service of process or the defendant has not submitted to the court's jurisdiction and the 180-day period lapses without service of process on the defendant, the action is deemed dismissed without prejudice regardless of whether the

REFERENCES FOR POINTS IN HEADNOTES
[1] 62 Am Jur 2d, Process § 33.
[2] 20 Am Jur 2d, Courts §§ 82-86.

court clerk enters an order dismissing the action or gives notice of the entry and date of the order of dismissal (GCR 1963, 102.4, 102.5).

2. COURTS — COURT RULES — RULE CHANGES.
   Changes in judicial procedure apply to all further proceedings and actions then pending unless, in the opinion of the court, their application in a particular action pending at the time the changes are made would not be feasible or would work injustice (GCR 1963, 14).

*William W. Swor,* for plaintiff.

*Hibbs & Lewis, P.C.,* for defendant.

Before: D. C. RILEY, P.J., and CYNAR and H. R. GAGE,* JJ.

CYNAR, J. This lawsuit allegedly involves a personal injury claim arising out of an automobile accident which occurred in Detroit.

Defendant-appellant Braziel Carreker (hereinafter defendant) alleges that the accident occurred on May 9, 1975. The complaint was filed on May 5, 1978, in Wayne County Circuit Court. Service of process on defendant was not obtained until June 17, 1979. Defendant moved for accelerated judgment on September 7, 1979, on the grounds that the summons had expired. The motion was denied by the trial court.

This Court granted defendant's application for leave to file an interlocutory appeal of the order denying the motion for accelerated judgment on October 8, 1980.

The question presented by this appeal is whether amendments to GCR 1963, 102, regarding expiration of a summons, apply to an action pending on the date the amendment took effect where

* Circuit judge, sitting on the Court of Appeals by assignment.

such an application would automatically defeat plaintiffs' claim against defendant.

Before the 1979 amendments to GCR 1963, 102 took effect, subrules 102.4 and 102.5 read as follows:

".4 Expiration. No summons shall be valid for longer than 180 days from the date of the filing of the complaint with the court. Duplicate summons shall not have the effect of extending the expiration of the original summons.

".5 Dismissal of Action, Defendants Not Served. Every action shall be dismissed, without prejudice, as to any defendant in the action who has not been served with process personally, by substituted service or by publication within 180 days from the date of the filing of the first complaint in the action with the court unless that defendant has filed any pleading in the action within that period of time, in which event, the action shall not be dismissed as to that defendant.

"(1) Upon the expiration of 180 days from the date of the filing of the first complaint in the action with the court, the clerk of the court in which the complaint was filed shall examine the court records in the action and, if he determines that any defendant in the action has not been served with process within that period of time, he shall automatically enter an order of dismissal as to that defendant as provided above. This sub-rule shall not apply if that defendant has filed any pleading in the action within that period of time.

"(2) Notice of the entry of the order of dismissal shall be given by the clerk of the court as provided by rule 107 but failure to give such notice shall not affect the dismissal."

Under the old rule, a plaintiff had 180 days after the complaint was filed to serve summons on the defendant. If 180 days had expired before the summons was served, the summons would remain viable and plaintiff could validly obtain service until the date the clerk of the court entered an

order of dismissal. *Goniwicha v Harkai,* 393 Mich 255, 257; 224 NW2d 284 (1974).

Under the old rule, the summons would have still been good at the time it was finally served on defendant even though service was allegedly obtained on June 17, 1979, more than 180 days after the filing of the complaint on May 5, 1978, because, apparently, the court clerk never entered an order of dismissal after the 180-day period had expired.

In *Brashers v Jefferson,* 402 Mich 399; 263 NW2d 243 (1978), the Supreme Court affirmed its holding in *Goniwicha v Harkai, supra,* that GCR 1963, 102 was not self-executing. However, the Court appended to its decision a proposed amendment to rule 102 recommended by the committee to review and consolidate the court rules. Similar amendments were adopted and took effect on April 15, 1979. The new subrules 102.4 and 102.5 read as follows:

".4 Expiration. A summons expires 180 days after the date the complaint is filed unless the judge, within that 180 days, orders a second summons to issue for a definite period not exceeding one year from the date the complaint is filed. The judge may impose just conditions on the issuance of the second summons. Duplicate summonses, ordinarily issued, do not extend the life of the original summons.

".5 Dismissal of Action, Defendant Not Served.

"(a) 180 days after the first complaint in the action is filed, or if the court has extended the time for service under subrule 102.4, on the expiration of the period as extended,

"(1) an action is deemed dismissed without prejudice as to a defendant who has not been served with process under rule 105 or 106, unless the defendant has submitted to the court's jurisdiction; and

"(2) the clerk shall examine the court records and

enter an order dismissing the action as to a defendant who has not been served with process or submitted himself to the court's jurisdiction.

"(b) The clerk's failure to enter a dismissal order does not continue an action deemed dismissed. The clerk must give notice of the entry of a dismissal order under rule 107 and record the date of the notice in the case file. The failure to give notice does not affect the dismissal."

If the amended subrules are controlling, the summons would have automatically lapsed when the amendments took effect because more than 180 days had already passed since the filing of the complaint. Thus, defendant would have been entitled to accelerated judgment on grounds of the statute of limitations. GCR 1963, 116.1(5). This case would be deemed automatically dismissed even though the court clerk failed to enter a dismissal order. The court would not have jurisdiction to set aside the dismissal because the conditions in subrule 102.6 were not met, and a new complaint could not be filed because the period of limitations would have expired May 9, 1978. MCL 600.5805(8); MSA 27A.5805(8).

Defendant argues that the new rule should control. Thus, argues defendant, the trial court's order denying accelerated judgment was erroneous and should be reversed. The general rule is that changes in judicial procedure apply to all further proceedings and actions then pending. *Jinkner v Widmer,* 3 Mich App 155; 141 NW2d 692 (1966), *Reid v A H Robins Co,* 92 Mich App 140; 285 NW2d 60 (1979). Under the general rule, the action was certainly still pending since no dismissal could occur until the court clerk entered a dismissal order under the old rule.

Plaintiffs argue that GCR 1963, 14 provides an exception to the general rule. Rule 14 states that:

"These rules will take effect on January 1, 1963. They govern all proceedings in actions brought after that date and also all further proceedings in actions then pending except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible, or would work injustice, in which event, the former procedure applies."

See *Emahiser v Common Pleas Judge,* 18 Mich App 295; 171 NW2d 47 (1969). Plaintiffs contend that applying the amended rule "retroactively" would constitute an injustice because automatic dismissal of their cause of action would result.

We disagree. Defendant correctly points out that, from November 5, 1978, on, the only thing saving plaintiffs from the same fate under the old rule was the court clerk's failure to enter a dismissal order. If that occurred before plaintiffs had served defendant, plaintiffs' cause of action would be barred just as certainly as it would be under the current rule. Under the new rule, plaintiffs would have to act to extend the life of the summons while the summons was still viable. Therefore, the court clerk's nonfeasance was the only contingency saving plaintiffs' cause of action.

The commentary to the court rules in Honigman & Hawkins indicates that rule 102 was amended to remedy "the apparent unfairness of extending the life of those cases which were indistinguishable from others save for the fact that the clerk had failed to perform a ministerial act". 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1980 Pocket Part, p 15. Plaintiffs' argument would defeat the logic behind the amendments.

In our view, it was the former rule rather than the amended rule that worked an injustice. Indeed, that is apparently why the Supreme Court published the proposed amendment in *Brashers.* In the instant case, it is plaintiffs' own neglect that has cost them their cause of action since notice of the pending rule change was available as early as the publication of *Brashers.*

We note that in *Slem v David,* 96 Mich App 721; 293 NW2d 689 (1980), this Court concluded in dicta that since that case arose under the original version of GCR 1963, 102, the April, 1979 amendments were not controlling. *Slem* is distinguished from the instant case because there the motion for accelerated judgment was brought prior to the effective date of the amendments.

The trial court's denial of defendant's motion for accelerated judgment is reversed since this action was pending when the applicable court rule took effect.