Gladys **CALLAHAN**, Plaintiff,

v.

**AMERICAN SUGAR REFINING CO.,** also known as **American Sugar Co., Defendants.**

**No. 68 C 816.**

United States District Court
E. D. New York.
June 18, 1969.

**360**

Moskowitz, Jacobs & Umanov, New York City, for plaintiff, Daniel Ross, New York City, of counsel.

William R. Ahmuty, Jr., Rockville Centre, N.Y., for defendants.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

On November 25, 1965, William Callahan, plaintiff's husband, was injured while working on the premises of the defendant, the American Sugar Co. (American Sugar (New Jersey) ). His negligence action was dismissed by this Court on February 26, 1969 for lack of jurisdiction and was subsequently reasserted against the American Sugar Company, a Delaware corporation (American Sugar (Delaware) ), in an action now pending in the New York Supreme Court.

The instant action was brought by the plaintiff, Gladys Callahan, on August 14, 1968, against American Sugar (New Jersey) to recover damages for loss of consortium. Jurisdiction was predicated upon diversity of citizenship; plaintiff alleged that she was a citizen of New Jersey and that the defendant was a New York corporation.

Plaintiff now moves to amend her complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure to change the party against whom her claim is asserted to American Sugar (Delaware). Though there are, as indicated below, sound reasons for granting the motion, there are equally pressing reasons for encouraging consolidation of the husband's and wife's actions.

An affidavit submitted by plaintiff's attorney states that the defendant named in the complaint was a New Jersey corporation with its principal place of business in New York; that he was misled by the defendant into believing that it was a New York corporation; that on December 30, 1966 or December 31, 1966, the defendant corporation was acquired by the Domino Sugar Co., a Delaware Corporation; and that the name of the Domino Sugar Co. was changed to American Sugar Company (Delaware).

■ Subdivision (a) of Rule 15 states that leave to amend a complaint "shall be given freely when justice so requires." A complaint may be amended to cure an apparent jurisdictional defect if jurisdiction in fact existed at the time the action was begun. *See, e.g.,* 3 Moore's Federal Practice ¶ 15.09. Subdivision (c) of Rule 15 provides that an amendment changing the defendant shall relate back to the date of the original pleading if it arose out of the same "conduct, transaction, or occurrence" and if, prior to the running of the statute of limitations, the party to be brought in had sufficient notice of the action so as not to be prejudiced in maintaining his defense and if he "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

■■ Accordingly, this Court is empowered to permit an amendment substi-

tuting American Sugar (Delaware) relating back to the date the complaint was filed. *See, e.g.,* Shapiro v. Paramount Film Distrib. Co., 274 F.2d 743 (3d Cir.1960) (per curiam); Advisory Committee's Notes to 1966 Amendment to Rule 15 of the Federal Rules of Civil Procedure; 3 Moore's Federal Practice ¶¶ 15.15[4.–1], 15.15[4.–2]. Such an amendment would be equitable under the circumstances.

On the one hand, American Sugar (Delaware) would not be, speaking in a technical sense, prejudiced by the amendment: its interests are identical to those of American Sugar (New Jersey), the same events are involved, and it has had full notice of this case since the litigation was begun. Moreover, at the time this action was brought, jurisdiction was present since American Sugar (New Jersey) was no longer in existence, having already been taken over by the Delaware concern. The latter corporation must have realized that it would have been named as the defendant in this action if plaintiff had been aware of the merger.

Plaintiff, on the other hand, would be severely prejudiced by a denial of this motion. The complaint would have to be dismissed for lack of diversity and the statute of limitations (N.Y.C.P.L.R. § 214) has been running while this action was pending.

It makes little sense, however, to have the wife's action pending in this Court while the husband's negligence action is being prosecuted in the New York state courts. The New York Court of Appeals, in the recent case of Millington v. Southeastern Elevator Co., 22 N.Y.2d 498, 293 N.Y.S.2d 305, 239 N.E.2d 897 (1968)—holding that a wife could sue for loss of consortium—expressed a strong policy in favor of a joint trial of the spouses' claims. The court sought to minimize the difficulties that might be created by retrospective application of this new rule by suggesting that a wife's consortium claim should be con-

solidated with her husband's action unless the latter had already been terminated, in which case the consortium action would be barred:

> Where there is a cause of action brought by the injured husband pending, the wife's consortium action, if not time-barred, should be joined with her husband's claim. Where, however, the husband's cause of action has been terminated either by judgment, settlement or otherwise, that should operate to bar the wife's cause of action for consortium. 22 N.Y.2d at 507–509, 293 N.Y.S.2d at 312, 239 N.E.2d at 902.

Similarly, in discounting the possibility of double recovery, the court noted that "motions to consolidate would quickly resolve that difficulty." 22 N.Y.2d at 502, 293 N.Y.S.2d at 307–308, 239 N.E. 2d at 899.

Although the question of whether or not to permit the complaint to be amended would be considered procedural for *Erie* purposes (*see* Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1955)), it clearly has substantive overtones. Under such circumstances, we ought to follow state practice if we can do so without doing violence to federal policy. *See* Szantay v. Beech Aircraft Corp., 349 F.2d 60 (4th Cir.1965); Petition of Merry Queen Transfer Corp., 269 F.Supp. 812 (E.D.N.Y.1967); United States v. Noble, 269 F.Supp. 814, 816 (E.D.N.Y.1967); Hill, State Procedural Law in Federal Nondiversity Litigation, 69 Harv.L.Rev. 66 (1955); Hill, Substance and Procedure in State FELA Actions—The Converse of the Erie Problem, 17 Ohio St.L.J. 384 (1956). The problem posed by this case presents issues of judicial administration analogous to those sought to be solved by such provisions as section 1404 (on change of venue) and section 1407 (on pretrial proceedings in multidistrict litigation) of title 28 of the United States Code. The State-Federal problem is conceptually more difficult than the fed-

eral-federal problem because, in the former class, two independent court systems are involved. It is essential, therefore, to take advantage of every available procedural device to indirectly accomplish a coordination of the two systems.

Accordingly, the motion to amend the complaint is granted unless American Sugar (Delaware) consents to a waiver of the statute of limitations and to appropriate procedural steps in the state court resulting in the consolidation of the claims asserted in this action with those asserted in New York Supreme Court by plaintiff's husband.

So ordered.