**Carol Anita RINGROSE and Frederick Ringrose, Plaintiffs-Appellants,**

v.

**ENGELBERG HULLER CO., INC., Defendant,**

**Sundstrand Corporation and White Consolidated, Inc., Defendants-Appellees.**

No. 80–1086.

United States Court of Appeals, Sixth Circuit.

Argued March 16, 1982.

Decided Nov. 2, 1982.

Larry A. Smith, Southfield, Mich., for plaintiffs-appellants.

Lawrence D. Connor, Dykema, Gossett, Spencer, Goodnow & Trigg, Susan Artinian, Detroit, Mich., for defendants-appellees.

Before MERRITT and JONES, Circuit Judges, CELEBREZZE, Senior Circuit Judge.

MERRITT, Circuit Judge.

Plaintiff-appellant Ringrose appeals the dismissal of her Michigan diversity personal injury action by the District Court on the ground that the Michigan three-year statute of limitations bars her claim. The District Court rejected her argument that her amended complaint naming alleged successor corporations as defendants, an amendment filed after the expiration of the limitations period, relates back to the original filing date under Rule 15(c), Fed.R.Civ.P. Rule 15(c) provides:

> An amendment [to a complaint] changing the party against whom a claim is asserted relates back if ... within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Plaintiff alleges that she injured her left hand at work while operating a belt grinder on September 2, 1976. She filed suit within the limitations period against the manufacturer listed on the belt grinding machine, Engelberg Huller Co., Inc., on April 30, 1979, in the Wayne County Circuit Court. The process server was unable to complete service of process because, as he wrote on his return of process:

> Engelberg Huller Co. out of business approximately 10 years—possibly bought out by White Sundstrand Machine Tool Inc.—If so, corporate headquarters are

Rockford Illinois. Contacted Mr. Carl Newman—White Sun. . . .

Two new parties, Sundstrand Corporation and White Consolidated Industries, were added by an amended complaint filed September 7, 1979, five days after Michigan's three year statute of limitations, M.C.L.A. § 600.5805(9), expired. Plaintiff alleges that these two corporations are successor corporations of Engelberg Huller Co. These defendants removed the action to the federal district court in Detroit, which dismissed the action as barred by the statute of limitations.

■ When the application of state tolling and service of process provisions would affect the running of the statute of limitations and thus affect the outcome of the lawsuit in state court, a federal court in a diversity action should apply those same state rules of decision in determining whether an action is barred by the applicable state statute of limitations. *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). In Michigan and also under the federal rules, the filing of a complaint against a party stops the running of the statute of limitations as to the claim against that party but not as to new parties. *Buscaino v. Rhodes,* 385 Mich. 474, 189 N.W.2d 202 (1971); *Forest v. Parmalee,* 60 Mich.App. 401, 231 N.W.2d 378 (1975); *Krontz v. Estovez,* 49 Mich.App. 30, 211 N.W.2d 213 (1973). Michigan follows the principles stated in Federal Rule 15(c) that an amendment changing the party against whom a claim is asserted relates back if the party has received sufficient notice of the action so as not to be prejudiced in defending the case. *Forest v. Parmalee, supra.* In *Forest,* the Michigan court, following the reasoning of our decision in *Marlowe v. Fisher Body,* 489 F.2d 1057 (6th Cir. 1973), said: "While the above federal rule would allow the correction of misnomers, it will not allow the addition or substitution of new parties after the expira-

tion of the statute of limitations." 231 N.W.2d at 383.

Thus the Michigan rule and the federal rule are the same regarding the substitution of new parties, and we need not decide the choice of law question discussed in the concurring opinion. We are, therefore, governed by Rule 15(c), Fed.R.Civ.P. in deciding the "relation-back" issue and are required to interpret Rule 15(c) in light of the facts of this case.

■ The record is unclear whether the process server who made the return contacted either Sundstrand Corporation or White Consolidated Industries prior to the expiration of the statute of limitations so as to put either or both on notice that a predecessor corporation had been sued. There is some indication on the return that the process server contacted within the statutory period a "Carl Newman" as representative of one or both of the defendant corporations. We, therefore, remand the case to the District Court for a determination whether either or both of the defendants prior to the expiration of the Michigan three-year statute of limitations "received such notice of the institution of the action that [it] will not be prejudiced in maintaining [its] defense on the merits." The District Court should determine whether either or both of the defendant corporations are successor corporations of Engelberg Huller Co. and therefore "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [it]," or had actual notice of the action within the limitations period and would not be prejudiced in defending the case by relating the amended complaint back to the time of filing of the original complaint.[1]

Accordingly, the judgment of the District Court is reversed and the case remanded for further reconsideration of the statute of limitations issue as aforesaid.

---

1. The concurring opinion is premised on the view that "Michigan allows at least 180 days from the date the limitations period would otherwise have run before service will be accomplished," see text at note 7, but we do not read this rule—which simply requires dismissal of an action not served in 180 days—as affecting or tolling the limitations period. It is a service of process provision only and has not been interpreted as extending the limitations period.

NATHANIEL R. JONES, Circuit Judge, concurring.

Appellees White Consolidated Industries (White) and Sundstrand Corporation (Sundstrand) were added to this action and served with process some two and one-half weeks after the statute of limitations would have run had no complaint been filed. The district court dismissed the complaint for failure to file within the applicable limitations period.[1] I agree with the majority that we vacate and remand for application of Rule 15(c), Federal Rules of Civil Procedure, but I rest my conclusion on an additional ground not reached by the majority. This step appears advisable given the recent decisions under Rule 15(c).

1. Since we review the grant of summary judgment below, plaintiffs' evidence is presumed to be true and plaintiffs are given the benefit of favorable inferences to be drawn therefrom. *E.g., Adickes v. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam); *see generally Smith v. Hudson,* 600 F.2d 60, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (6th Cir. 1979).

2. Michigan has adopted liberal pleading rules for amendments, holding that discretion should be exercised liberally in favor of amendments and amendments should be denied only when justice would not be served thereby. *Ben P. Fyke & Sons v. Gunter Co.,* 390 Mich. 649, 658, 213 N.W.2d 134, 138 (1973). The Michigan Supreme Court has allowed a party with notice of a suit prior to the expiration of the statutory limitations period to be added to the action after the limitations period had run in *Wells v. Detroit News, Inc.,* 360 Mich. 634, 104 N.W.2d 767 (1960). Then Justice, now Chief Judge of this Court, Edwards, set forth a rationale which sanctioned notice to a non-party when notice was received at the same time it would have been received had that party been named in the complaint, if the party to be added was closely related to the defendant originally named in the complaint.

Following *Wells,* some lower courts allowed relation back of amendments, but appeared to require that notice be served on a proper representative of the company to be added at the same time service was attempted upon the named defendant. *See Cobb v. Mid-Continent Telephone Service Corp.,* 90 Mich.App. 349, 282 N.W.2d 317 (1979); *Arnold v. Schecter,* 58 Mich.App. 680, 228 N.W.2d 517 (1975); *Bensinger v. Reid,* 17 Mich.App. 219, 169 N.W.2d 361 (1969). Whether service occurred before or after the statute would have run, had it not

## I.

### Rule 15(c) and Diversity Cases

Both the state courts of Michigan, by General Court Rule 118.4, and the federal system, by Federal Rule of Civil Procedure 15(c), have rules to determine whether an amendment to a complaint relates back to the date of original filing. If no conflict resulted from the application of the state or federal rules to these facts, it would be unnecessary to resolve which one to apply. However, I believe that Michigan law does not unambiguously resolve whether circumstances similar to those present here will allow relation back.[2] Rather than wrestle further over the determination under the

been tolled by filing, was not an issue that was considered important. *See Arnold v. Schecter, supra* (complaint filed six days prior to the end of the statutory period, date of service not stated). Other decisions review the diligence of plaintiff in discovering the proper defendant to determine whether the complaint relates back. *See Charpentier v. Young,* 403 Mich. 851, 291 N.W.2d 926 (1978), *reversing,* 83 Mich. App. 145, 268 N.W.2d 322 (1978); *O'Keefe v. Clark Equipment Co.,* 106 Mich.App. 23, 307 N.W.2d 343 (1981). *Cf. Muskegon Supply Co. v. Green,* 343 Mich. 341, 346–47, 72 N.W.2d 52 (1955) (amendment adding a plaintiff united in interest with original plaintiff will relate back to the date of original filing); *Matson v. Soronen,* 57 Mich.App. 190, 226 N.W.2d 52 (1979) (denial of trial motion to add plaintiff after statute of limitations would have run is reversed when no ascertainable prejudice is found).

Intensive research yields no authority discussing the standards for amendment when the originally named defendant is defunct and thus not served, and conditions suggest that the plaintiff acted diligently. *Cf. Cobb v. Mid-Continent Telephone Service Corp., supra* (parent-subsidiary relationship requires notice to parent's representative when complaint is served on subsidiary); *Forest v. Parmalee,* 60 Mich. App. 401, 231 N.W.2d 378 (1975); *aff'd on other grounds,* 402 Mich. 348, 262 N.W.2d 653 (1978) (closely related entity may be added after the statute of limitations has run if plaintiff's mistake may be termed a misnomer; other entities may be added only if a proper motion is made within the limitations period). I do not speculate as to the result under Michigan law but rather assume *arguendo* that Michigan would not allow the amendment to relate back, since in light of our holding, *infra* in Part II, that Rule 15 determines the procedural ques-

Michigan law, I would first resolve whether Michigan or federal law applies, presuming that the result under each would differ. Thus confronted with a possibly conflicting state rule of procedure and a federal rule which both set forth rules pertaining to relation back of amendments that add or substitute parties once a suit has begun, I first take up the sometimes difficult question of which law to apply.

After the Supreme Court decision in *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), federal courts have, with marked consistency, determined that federal rules on relation back of amendments apply in diversity cases. *See, e.g., Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 611–12 (4th Cir.), *cert. dismissed,* 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980); *Royal Indemnity v. Petrozzino,* 598 F.2d 816 (3rd Cir. 1979); *Ingram v. Kumar,* 585 F.2d 566, 570 (2d Cir. 1978), *cert. denied,* 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979); *Skidmore v. Syntex Laboratories, Inc.,* 529 F.2d 1244, 1249 (5th Cir. 1976); *Simmons v. Fenton,* 480 F.2d 133 (7th Cir. 1973); *Welch v. Louisiana Power & Light Co.,* 466 F.2d 1344, 1346 (5th Cir. 1972); *Crowder v. Gordons Transports, Inc.,* 387 F.2d 413, 416–19 (8th Cir. 1967). *But see Marshall v. Mulrenin,* 508 F.2d 39 (1st Cir. 1974) (Massachusetts state law governs relation back questions in diversity cases since the Massachusetts relation back doctrine is part and parcel of its substantive state tolling provisions); *Covel v. Safetech, Inc.,* 90 F.R.D. 427 (D.Mass.1981) (same).

The analysis of the choice of law question encompasses the scope and plain meaning of the federal rule. *Walker v. Armco Steel Corp.,* 446 U.S. 740 at 748, 750, 100 S.Ct. 1978 at 1984, 1985, 64 L.Ed.2d 659 (1980). If the terms of the federal rule plainly address the contested aspect of the litigation then an analysis under the Rules Enabling Act [3] and the Constitution is all that is necessary. *Hanna v. Plumer,* 380 U.S. at 470–71, 85 S.Ct. at 1143–44; *see Walker v. Armco Steel Corp.,* 446 U.S. at 747–48, 749–50 & n. 9, 100 S.Ct. at 1983–84 (1980); *see generally* Ely, *The Irrepressible Myth of Erie,* 87 Harv.L.Rev. 693, 718–24 (1974). The test under the Rules Enabling Act examines whether the rule is truly procedural. The constitutional test is satisfied if the rule is within the ambit of a constitutional grant such as the necessary and Proper Clause of Article I. *E.g., Walker v. Armco Steel Corp.,* 446 U.S. at 748, 100 S.Ct. at 748. On the other hand, if the plain meaning of the federal rule does not cover the point in dispute, then the principles drawn from *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), *i.e.,* a bar against encouraging forum shopping or the inequitable administration of the law, must be applied. *Walker v. Armco Steel Corp., supra* at 752, 100 S.Ct. at 1986. *See Hanna v. Plumer,* 380 U.S. at 468, 85 S.Ct. at 1142; *Miller v. Davis,* 507 F.2d 308 (6th Cir. 1974). Under an *Erie* analysis, when the state's rule on tolling upon filing is an integral part of the state's substantive policies, it will apply over practice under the federal rule. For example, Fed.R.Civ.P. 3 simply states that "[a] civil action is commenced by filing a complaint with the court." The Court in *Walker* held that Rule 3 *did not* indicate that it tolled a state statute of limitations, and therefore an *Erie* analysis

tion, the result under Michigan state practice need not be conclusively assessed.

Two cases cited by the majority, *Buscaino v. Rhodes,* 385 Mich. 474, 189 N.W.2d 202 (1971) and *Krontz v. Estovez,* 49 Mich.App. 30, 211 N.W.2d 213 (1974) do not address the issue of adding new parties. Moreover, the Michigan Supreme Court expressly disapproved of *Krontz v. Estovez* in *Goniwicha v. Harkai,* 393 Mich. 255, 234 N.W.2d 284 (1974).

**3.** The Rules Enabling Act provides, in pertinent part:

The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure of the district courts and courts of appeals of the United States in civil actions ...

\*   \*   \*   \*   \*   \*

... Nothing in this title, anything therein to the contrary notwithstanding, shall in any way limit, supersede, or repeal any such rules heretofore prescribed by the Supreme Court.

28 U.S.C. § 2072 (1976).

was required. The state rule, *which did explicitly deal with tolling upon filing, was an integral part of the state's substantive statute of limitations* giving the state rule and not federal practice control on the tolling issue. *See Walker v. Armco Steel Corp.,* 446 U.S. at 746–47, 752–53, 100 S.Ct. at 1983–84, 1986; 28 U.S.C. § 1652 (1976).

In my view, Rule 15(c) is plainly applicable to the issue of whether the addition of a party after suit has been filed relates back to the original date of filing. Its terms unequivocally state that an amendment *will* relate back if its three conditions are met: (1) the claim against the added party arose out of the same transaction or occurrence set forth in the original complaint; (2) the party to be added received notice within the period fixed for notice on commencement of the action; and (3) that party should reasonably have known that but for a mistake concerning his identity the original action would have included him as a defendant. Fed.R.Civ.P. 15(c). *Accord, Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 611 (4th Cir. 1980). *Loudenslager v. Teeple,* 466 F.2d 249, 250 (3rd Cir. 1972). Since the plain meaning of Fed.R.Civ.P. 15(c) applies to relation back of amendments adding parties, *Hanna v. Plumer* sets forth a straightforward analysis under the Rules Enabling Act, 28 U.S.C. § 2072, and the Constitution to determine whether the federal rule is valid. If so, the federal rule controls over a different state practice.[4]

The issue under the Enabling Act is whether the rule "really regulates procedure, the judicial process for enforcing rights and duties recognized by substantive law and for justly administering redress for disregard or infraction of them." *Hanna, supra* at 464, 85 S.Ct. at 1140, quoting *Sibbach v. Wilson & Co.,* 312 U.S. 1, 14, 61 S.Ct. 422, 426, 85 L.Ed. 479 (1941). Rule 15(c) "really regulates procedure" because it governs the in-court dispute resolution process rather than the dispute which brought the parties into court. The form of pleading a cause by a short and plain statement and the consequent liberal rules on amendment to effectuate this pleading policy are near the heart of the process created by the Federal Rules to provide an orderly procedure for the resolution of disputes on their merits. *See Loudenslager v. Teeple,* 466 F.2d at 250. *See also Levinson v. Deupree,* 345 U.S. 648, 651–52, 73 S.Ct. 914, 916, 97 L.Ed. 1319 (1953). *See generally 3 J. Moore, Federal Practice* (2d ed.) ¶ 15.15[2] at 186–190 (1982); Note, *The Law Applied in Diversity Cases: The Rules of Decision Act and the Erie Doctrine,* 85 Yale L.J. 678 at 692–705 & 700 n. 101 (1976).[5]

Once a rule is determined to be procedural, the constitutional analysis is direct and the answer beyond dispute:

> [T]he constitutional provision for a federal court system (augmented by the Necessary and Proper Clause) carries with it congressional power to make rules governing the practice and pleading in those courts, which in turn includes a power to regulate matters which, though falling within the uncertain area between substance and procedure, are rationally capable of classification as either.

---

**4.** As support for this proposition, *Hanna v. Plumer* quoted Rule 1, Fed.R.Civ.P. Rule 1 provides as follows:

> These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity, or in admiralty, with the exceptions stated in Rule 81. They shall be construed to secure the just, speedy, and inexpensive determination of every action.

*Hanna v. Plumer,* 380 U.S. at 463 n. 3, 85 S.Ct. at 1140 n. 3. Since no general exception for the application of pleading rules in diversity is contained in Fed.R.Civ.P. 81, Rule 15(c) must control if valid. *Id.*

**5.** The Third Circuit in *Loudenslager v. Teeple* quoted Professor Moore:

> If state law were to displace Rule 15(c) in "diversity" cases, the policy embodied in Rule 15(a) of facilitating decisions based on the merits, which has been affirmatively approved by the Supreme Court, would be frustrated. Rule 15 embodies a comprehensive scheme for this purpose, so that all three subdivisions of the rule—(a), (b), and (c), also (d), for that matter—should be viewed as an entirety and a matter of Federal Practice.

466 F.2d at 250 quoting *3 J. Moore, Federal Practice* (2d ed.) ¶ 15.15[2] at 192–93 (1982).

*Hanna v. Plumer,* 380 U.S. at 472, 85 S.Ct. at 1144. Doubtless, Rule 15(c) is rationally capable of classification as procedural. Therefore, Rule 15(c) controls the question of whether the amendment adding White and Sundstrand relates back to the date of the original complaint.

A single element of the controversy which is not plainly controlled by Rule 15(c) itself nor any other federal rule for actions in diversity is the "period provided by law for commencing the action against him." [6] Fed.R.Civ.P. 15(c); *see Walker v. Armco Steel Corp., supra.* The *Erie* test would necessarily be applied were it required in this case to make a choice between federal and Michigan law. *See Walker v. Armco Steel Corp., supra.* However, since the State of Michigan allows at least 180 days from the date the limitations period would otherwise have run before service must be accomplished under Michigan Court Rule 102.5,[7] *see Brashers v. Jefferson,* 402 Mich. 399, 263 N.W.2d 243 (1978) (per curiam); *Dawson v. Carreker,* 108 Mich.App. 688, 310 N.W.2d 840 (1981), and the federal practice holds that commencement permanently tolls the statute of limitations subject to a later motion under Fed.R.Civ.P. 41, *United States v. Wahl,* 583 F.2d 285 (6th Cir. 1978), neither rule would time bar the amendment in this case since service was accomplished some two and one-half weeks from the time the statute had run. This complex issue need not be resolved at this time.

The Supreme Court in *Walker v. Armco Steel Corp., supra,* held that since the reach of the Federal Rule 3 on when an action is commenced was not intended to toll a state statute of limitations, the state tolling rules govern when they have been authoritatively construed as a substantive part of the state statute of limitations. The Advisory Committee Notes in 1966 to Rule 15 found the relation back rule "intimately connected with the policy of the statute of limitations." 39 F.R.D. 82, 83 (1966). Utilizing the state rules as to tolling would follow the Supreme Court's guidance that federal commencement of suit rules do not by their plain meaning toll the state statute of limitations. *See Walker v. Armco Steel Corp.,* 446 U.S. at 750 n. 9, 100 S.Ct. at 1985 n. 9. However, *Walker* does not require that the state tolling rule be mechanically applied in diversity cases. Unlike the Oklahoma statute at issue in *Walker,* the Michigan tolling provisions of the statute of limitations for service of process have authoritatively been construed to be procedural and not an integral part of a substantive right by the Michigan Supreme Court in *Busciano v. Rhodes,* 385 Mich. 474, 189 N.W.2d 202 (1971). The sensitive interest analysis required under the *Hanna v. Plumer* discussion of situations not within the plain meaning of a federal rule of civil procedure, *see* 380 U.S. at 466–68, to decide on the limits of the tolling period, need not be undertaken since that task is not required by the case before us given that both Michigan and federal procedure yield the same result.

II.

Rule 15(c) Applied

Having determined that Rule 15(c) controls the issue of whether the amended pleading relates back, I now arrive at the application of the rule to the present facts.

Whether a different party may be added by amendment under Rule 15(c) after the statute of limitations would otherwise have run is a subject "upon which much ink has been spilled by courts and commentators." *Ingram v. Kumar,* 585 F.2d 566 at 569 (2d Cir. 1978), *cert. denied,* 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979).[8]

The current version of Rule 15(c) for relating back the addition of a party, adopted

---

**6.** The period governs the amount of time during which notice will allow an amendment to relate back. *See post* at [409–410].

**7.** In the Rule 56 motion, defendant has not challenged plaintiffs' contention that the other requisites of Rule 102.5 were fulfilled by plaintiff when his original complaint was filed.

**8.** The holding of *Ingram* that Rule 3 applied to determine whether a diversity action is tolled, *accord, Smith v. Peters,* 482 F.2d 799 (6th Cir. 1973), was noted with disapproval by the Supreme Court in *Walker v. Armco Steel Corp.,* 446 U.S. 740, 744 n. 6, 100 S.Ct. 1978, 1982 n. 6, 64 L.Ed.2d 659 (1980). The Supreme Court did not consider *Ingram's* analysis of Rule 15(c).

in 1966, requires a consideration of these facts: (1) the claim against the new party must have arisen out of the same transaction or occurrence; (2) the party must have had adequate notice within the time provided by law for actions to commence; and (3) the party to be added must be chargeable with knowledge that, but for a mistake as to the identity of the proper party, the action would have been brought against it.

Little need be said concerning the first, since the amended complaint alleged no additional facts as to the injury-causing occurrence not alleged in the original complaint.

The decision below rested on the second factor. Some disagreement has arisen in the cases as to the interpretation of when "the period provided by law for commencing the action against him [the party to be added]" occurs. Certain courts have read the provision narrowly to require notice before the statute has run irrespective of tolling provisions by filing. *See, e.g., Wood v. Worachek,* 618 F.2d 1225 (7th Cir. 1980); *Simmons v. Fenton,* 480 F.2d 133 (7th Cir. 1973); *Archuleta v. Duffy's, Inc.,* 471 F.2d 33 (10th Cir. 1973). Other courts have considered and rejected the narrow approach. *See, e.g., Ingram v. Kumar,* 585 F.2d at 571–72; *Kirk v. Cronvich,* 629 F.2d 404, 408 (5th Cir. 1980); *Swann Oil Co. v. M/S Vassillis,* 91 F.R.D. 267 (E.D.N.C.1981); *Hart v. Bechtel Corp.,* 90 F.R.D. 104 (D.Ariz.1980); *Clark v. Southern Ry. Co.,* 87 F.R.D. 356, 358 (N.D.Ill.1980); *Davis v. Kraus,* 478 F.Supp. 823 (E.D.N.Y.1979); *cf. Kerney v. Fort Griffin Fandangle Ass'n, Inc.,* 624 F.2d 717, 721–22 (5th Cir. 1980) (class action as added party may relate back to original filing date if no prejudice is established). These courts read Rule 15(c) to adopt the statute of limitations policies as posited by the Advisory Committee on Civil Rules.

*See* 39 F.R.D. 82, 83 (1966). They hold, in essence, that notice which would have been timely for a party actually named in the complaint commencing the action under Rule 3 and the tolling provision which those courts found in federal practice [9] would likewise determine the timeliness of notice to the added party.

I believe that the better view considers as timely notice to parties actually named in the complaint. Original parties quite obviously do not receive notice of the filing of a lawsuit by the filing of the complaint. The rules reject the concept of notice by filing in favor of requiring an additional mechanism reasonably calculated to give notice. *See* Fed.R.Civ.P. 4. The restrictive view of *Simmons v. Fenton, supra,* and *Archuleta v. Duffy's, supra,* could at times require notice by the party to be added before the party named in the complaint receives notice.[10] *See Ingram v. Kumar, supra* at 571. There is no reason to require more expeditious notice to an added party than it would have had if it had been correctly named. Avoidance of this anomalous result may itself be an adequate reason to reject the interpretation which brings it about. *Ingram v. Kumar,* 585 F.2d at 571; *see generally* Kaplan, *Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure,* 81 Harv.L.Rev. 356, 410 & n. 204 (1967). As the Supreme Court has often admonished, the rules are not to be given a narrow and formalistic construction. Rather, they should be interpreted according to their function with a view toward allowing a hearing on the merits. *See, e.g., Surowitz v. Hilton Hotels Corp.,* 383 U.S. 363, 373, 86 S.Ct. 845, 851, 15 L.Ed.2d 807 (1966); *Foman v. Davis,* 371 U.S. 178, 181–82, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1962); *Conley v. Gibson,* 355

---

**9.** *But see* the discussion of *Walker v. Armco Steel Corp., ante* at 408–409.

**10.** One graphic example of such a situation would result if plaintiff filed his lawsuit near the end of the limitations period. Service is first mistakenly made upon party A and then upon the named defendant. If service was effected within the time required to avoid a dismissal pursuant to Fed.R.Civ.P. 41, the action would go forward. *United States v. Wahl,* 583 F.2d 285 (6th Cir. 1978). Yet, if plaintiff later

moves to add party A, under the restrictive rule, plaintiff is barred by the statute of limitations without regard to the adequacy of notice A received, nor to how closely related party A is to defendant. In a strikingly similar situation, the Michigan court of appeals held the amendment to add Party A should relate back. *See Koons v. Walker,* 76 Mich.App. 726 at 729–30, 257 N.W.2d 229, 231–32 (1977) (statute of limitations had not run in the interim).

U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 334–35, 91 S.Ct. 795, 804–05, 28 L.Ed.2d 77 (1971). The precept in Rule 15(a) that "leave to amend shall be freely given when justice so requires" supports such a conclusion. Moreover, a notice rule which accounts for the standard tolling period as part of the "period provided by law for commencing the action" properly recognizes the intimate connection between relation back rules and the policy of the statute of limitations. *See* Notes of the Advisory Committee to Rule 15(c), 39 F.R.D. 82, 83 (1966). If a claim is not stale [11] as to the party originally named, no policy associated with the statute of limitations justifies foreclosing the addition of a party when notice is received within the period provided by the law of statutes of limitations and tolling doctrines. Believing this interpretation both just and in harmony with Rule 15(a) and (c) and the functional approach to pleading requirements, I would adopt it as the law in this Circuit. [12]

Service within three weeks of the date of the statute of limitations, which occurred here, is within the Michigan tolling period, and for the purposes of the instant summary judgment motion, plaintiffs' alleged successful efforts to identify, locate and serve White and Sundstrand certainly satisfy federal requirements. *See ante* at [409–410]. The second requirement of Rule 15(c) was satisfied. [13]

As to the third criterion of Rule 15(c), an identity of interest with an erroneously named defendant suffices to charge that a proper defendant with notice of the suit, reasonably should know that but for a mistake as to the identity of the proper defendant, the action would have been brought against it. *See Callahan v. American Sugar Refining Co.*, 47 F.R.D. 359 (E.D.N.Y.1969) (successor corporation had reason to know that it would have been named had plaintiff been aware of its existence). *Cf. Staren v. American National Bank and Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976) (identity of interest may supply notice and allow relation back); *but cf. Hernandez Jiminez v. Calero Toledo*, 604 F.2d 99, 102–03 (1st Cir. 1979) (in some circumstances identity of interest supplies notice, not reason to know of mistake). The assertion in this case is that White and Sundstrand are successors to the defunct original defendant, Engelberg Huller, [14] and would be liable for alleged damage causing defects in Engelberg Huller machinery, including the machine which allegedly caused the plaintiffs' injury. Liability for Engelberg Huller's torts would support a holding that its successors, White and Sundstrand, should

---

**11.** The policy behind the Michigan statute of limitations is the prevention of stale claims. *See Walker v. Armco Steel Corp.*, 446 U.S. at 751 n. 12, 100 S.Ct. at 1986 n. 12.

**12.** Such a conclusion is not new in Sixth Circuit lore. This Court reached a similar conclusion in *Grooms v. Greyhound Corp.*, 287 F.2d 95 (6th Cir.1961). Where prompt service was effected on a successor corporation upon plaintiff's apprehension that the originally-named defendant was defunct, this Court approved relation back when the proper party was served within the time the State of Ohio had allowed for service after filing a complaint. *Id.* at 98.

**13.** After efforts to unearth the successors of Engelberg Huller, plaintiffs discovered the following and set it forth in their amended complaint:

It was later determined [after the complaint was filed] that the Engelberg Huller Company Incorporated, had a name change on April 22, 1958 to Engelberg, Incorporated, and that on January 24, 1964, the firm merged with Skyvalve, Incorporated. On or about July 20, 1965, the company name was changed to 7189 Corporation. In 1966 the firm was purchased by the Sundstrand Corporation, a Delaware corporation, with corporate offices located in Rockford, Illinois. For a period of time, operations were carried out by a subsidiary of Sundstrand, known as White-Sundstrand Machine Tool, Incorporated. In October of 1977 Sundstrand divested itself of its machine tool operations, and on March 5, 1979 White-Sundstrand Machine Tool, Incorporated was taken over by White Consolidated Industries, a Delaware corporation headquartered in Ohio.

**14.** Successors in interest have often been held to satisfy the third branch of Rule 15(c). *See* 6 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1499 at 519 n. 19 (1971 & Supp. 1982) and cases collected therein. Plaintiff further asserts that there is a continuity of management, personnel, physical location, assets and general business operation and, addi-

have known that, but for a mistake as to the existence of Engelberg Huller and the identity of its successors, the action would originally have been brought against them. *See Infotronics Corporation v. Varian Associates Corporation,* 45 F.R.D. 91 (S.D.Texas 1968). Defendants make no claim that plaintiffs' failure to name them was a tactical choice or one that could be accounted for by another motive than mistake.

The factors I have noted are not exhaustive. If it were found below that White and Sundstrand should have known that absent plaintiffs' mistake they would have been named in the original complaint, then, taking plaintiffs' factual allegations as true, the amendment should relate back to the date of original filing for the purposes of the instant summary judgment motion.

tionally, an assumption of those liabilities ordinarily necessary for an uninterrupted continuation of the normal business operations of Engelberg Huller. While such complete identity may be necessary to impose liability on White and Sundstrand for the acts of Engelberg Huller, *see Turner v. Bituminous Casualty Co.,* 397 Mich. 406, 244 N.W.2d 873 (1976), it has never been required in this Circuit to allow relation back of an amendment. *See Grooms v. Greyhound Corp.,* 287 F.2d 95, 98 (6th Cir. 1961); *but cf. Marlowe v. Fisher Body,* 489 F.2d 1057 (6th Cir. 1973) (wholly distinct and unrelated party, no mistake by plaintiff).