928 F.2d 1448
 Bankr. L. Rep. P 73,866
In re KENT HOLLAND DIE CASTING & PLATING, INC.; Holland Die
Casting, Inc., Debtors.
Douglas L. LEITCH, Trustee, Plaintiff-Appellant,
v.
The LIEVENSE INSURANCE AGENCY, INC., Defendant,
Aetna Casualty & Surety Company, Defendant-Appellee.
 No. 90-1345.
 United States Court of Appeals,
Sixth Circuit.
 Argued Nov. 6, 1990.
Decided and Filed Jan. 7, 1991.
 
 Jon R. Muth (argued), Kenneth G. Hofman, Miller, Johnson, Snell & Cumminskey, Grand Rapids, Mich., for plaintiff-appellant.
 Robert A. Hendricks (argued), Scott A. Huizenga, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, Mich., for defendant-appellee.
 Before KRUPANSKY and MILBURN, Circuit Judges; and PECK, Senior Circuit Judge.
 JOHN W. PECK, Senior Circuit Judge.
 
 
 1
 This appeal arises from the district court's affirmance of the bankruptcy court's dismissal of Aetna from a bankruptcy preference action. For the reasons stated below, we affirm the ruling of the district court.
 
 FACTS
 
 2
 Prior to its bankruptcy, Kent Holland Die Casting & Plating, Inc. (KHI) obtained an unemployment insurance policy through Defendant Lievense Insurance Agency, Inc. Lievense, an independent insurance broker, procured the coverage through Appellee Aetna Casualty & Surety Company.
 
 
 3
 In December 1983, KHI filed a voluntary Chapter 11 bankruptcy petition. It was converted to a Chapter 7 proceeding in July 1986. A permanent trustee was appointed on September 3, 1986. Under 11 U.S.C. Sec. 546(a)(1), the trustee has two years from the date of the appointment in which to commence actions to recover property for the estate. In May 1988, Appellant Trustee Douglas Leitch, notified Lievense that certain insurance premium payments KHI made within ninety days before the filing of its bankruptcy petition were preferential transfers and demanded repayment of $165,590.66. When payment was not forthcoming, the Trustee filed suit against Lievense on June 30, 1988.
 
 
 4
 Lievense contacted Aetna about the demand letter and the subsequent suit. With the exception of Lievense's five per cent commission, Aetna was the recipient of KHI's premiums. Lievense's counsel and Aetna's counsel collaborated on Lievense's defense with Aetna's counsel taking on the "lion's share" of the research and drafting. Lievense was granted a thirty-day extension to file its answer and did so on September 2, 1988--just one day before the statute of limitations expired.
 
 
 5
 On June 5, 1989, the Trustee amended his complaint adding Aetna as a party defendant. On September 1, 1989, Aetna filed a motion for summary judgment on the grounds that the amended complaint was barred by the statute of limitations. The Trustee argued that the amended complaint should be allowed because it related back to the original suit under FRCP 15(c).[1] The bankruptcy court ruled that the relation back provision of FRCP 15(c) did not apply where the amendment sought to add rather than substitute a party and dismissed Aetna from the suit. The district court affirmed the bankruptcy court and the Trustee appealed to this court.
 
 FRCP 15(c)
 
 6
 The Trustee argues here, as in the bankruptcy court, that his amended complaint adding Aetna should be allowed because it relates back to the original complaint. However, the precedent of this circuit clearly holds that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." Marlowe v. Fisher Body, 489 F.2d 1057, 1064 (6th Cir.1973). This holding was reaffirmed in Smart v. Ellis Trucking Co., 580 F.2d 215, 218 (6th Cir.1978), cert. denied, 440 U.S. 958, 99 S.Ct. 1497, 59 L.Ed.2d 770 (1979).
 
 
 7
 The Trustee acknowledges the holdings in Marlowe and Smart and suggests that they are no longer good law because they are inconsistent with a more recent decision of this court, Ringrose v. Engelberg Huller Co., 692 F.2d 403 (6th Cir.1982). Ringrose is a personal injury case in which the plaintiff sued the manufacturer of a machine. However, the manufacturer had been defunct for approximately ten years. After the statute of limitations had run, the plaintiff amended her complaint adding two alleged successor corporations as defendants. The district court dismissed the action as barred by the statute of limitations. The plaintiff appealed arguing that the amended complaint related back to the original complaint. In its analysis, this court cited Marlowe's holding that FRCP 15(c) allows the correction of misnomers, but not the addition or substitution of new parties after the statute of limitations has expired. Ringrose, 692 F.2d at 405. The court apparently considered this case to be one of misnomer and remanded it for consideration of whether the successor corporations had timely notice of the suit. Ringrose actually affirms the holding in Marlowe which remains the law in this circuit. Thus, the bankruptcy and district courts were correct in ruling that the Trustee's complaint did not relate back under FRCP 15(c). The decision of the district court is affirmed.
 
 
 
 [1]
 FRCP 15(c) provides in part:
 Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against that party.