**NOT RECOMMENDED FOR PUBLICATION**
File Name: 08a0659n.06
Filed: November 3, 2008

No. 07-4514

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| EARL W. BURKHOLDER JR., et al., | ) | |
| | ) | |
| Plaintiffs- Appellants, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| INTERNATIONAL UNION, UNITED | ) | OPINION |
| AUTOMOBILE, AEROSPACE AND | ) | |
| AGRICULTURAL IMPLEMENT | ) | |
| WORKERS OF AMERICA, Local No. 12; | ) | |
| INTERNATIONAL UNION, UNITED | ) | |
| AUTOMOBILE, AEROSPACE AND | ) | |
| AGRICULTURAL IMPLEMENT | ) | |
| WORKERS OF AMERICA; | ) | |
| DAIMLERCHRYSLER CORPORATION, | ) | |
| | ) | |
| Defendants - Appellees. | ) | |
| | ) | |

**Before: DAUGHTREY, GILMAN, and ALARCÓN, Circuit Judges.**[*]

**Arthur L. Alarcón, Circuit Judge.** Appellants are machine repairmen presently or formerly

employed by the DaimlerChrysler Corporation ("DaimlerChrysler") at two Chrysler Jeep plants in

Toledo, Ohio. Appellants claim that their union, Appellees International Union United Automobile,

Aerospace and Agricultural Implement Workers of America ("UAW") and International Union

United Automobile, Aerospace and Agricultural Implement Workers of America, Local 12 ("Local

12"), breached their duty of fair representation by favoring certain skilled workers—namely

---

[*]The Honorable Arthur L. Alarcón, Senior Circuit Judge for the United States Court of Appeals for the Ninth
Circuit, sitting by designation.

millwrights and electricians—over Appellants, who are machine repairmen. This alleged preferential treatment caused Appellants to lose training and employment opportunities that led to decreases in pay and, ultimately, job losses in greater proportion than millwrights and electricians.

Appellants initially filed suit against UAW and Local 12 on August 26, 2002. On November 25, 2002, pursuant to Rules 19(a)(1)(A) and (a)(1)(B)(i) of the Federal Rules of Civil Procedure, UAW and Local 12 filed a motion to add DaimlerChrysler as a defendant on the bases that it was a party necessary for full relief and, if not added, DaimlerChrysler's ability to protect its interest would be impaired. The district court granted this motion on December 3, 2002. Appellants added DaimlerChrysler as a defendant in their subsequently filed Third Amended Complaint, but made no allegations against DaimlerChrysler.

On May 19, 2006, UAW and Local 12 moved for summary judgment on six grounds: (1) Appellants' claims under section 9(a) of the Labor-Management Relations Act, 29 U.S.C. § 159 ("Section 9(a)"), should be considered hybrid claims pursuant to section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185 ("Section 301"), and Appellants had not alleged and could not show a breach of the collective bargaining agreement; (2) Appellants had no evidence to support the allegation that the unions used their influence with DaimlerChrysler to cause plaintiffs to be disproportionately laid off; (3) Appellants could not show that they had any right to be cross-trained; (4) Appellants could not show that they were denied fair representation; (5) Appellants could not show a breach of fair representation and any claims relating to the lines of demarcation committee were barred by the statute of limitations; and (6) Appellants could not show they were denied apprenticeship training.

Following the initial summary judgment briefing, the district court asked the parties to file supplemental briefs regarding whether Appellants exhausted internal union remedies prior to filing the complaint. The district court granted the UAW and Local 12's motion for summary judgment. For the reasons that follow, we vacate and remand for further proceedings.

**I**

Appellants are present or former employees of DaimlerChrysler at two Chrysler Jeep plants in Toledo, Ohio. DaimlerChrysler employs several kinds of employees, known as "skilled tradesmen," at the Toledo plants. This case implicates three groups of skilled tradesmen: machine repairmen, millwrights, and electricians. Appellants are machine repairmen.

Until 1997, the skilled tradesmen at DaimlerChrysler's Toledo plant were represented by two unions. The UAW represented, among others, millwrights and electricians. The Mechanics Education Society of America ("MESA") represented machine trades employees, including machine repairmen. The MESA collective bargaining agreement included "lines of demarcation" that delineated what type of work was assigned to its member employees, and the division of work among the skilled trades. Lines of demarcation determine what type of work will be made available to each trade, and the number of workers from each trade needed to complete the work.

In 1997, former MESA members became UAW members and also became subject to a new UAW collective bargaining agreement. The new collective bargaining agreement did not set forth lines of demarcation.

In 1999, when DaimlerChrysler built a second Jeep plant, problems developed as to which group of skilled tradesmen (e.g., machine repairmen, millwrights, or electricians) should do which work. In January 2001, Local 12 announced the creation of a Lines of Demarcation

Committee ("LDC") to create and draft lines of demarcation that would distribute the work among the skilled tradesmen. Representatives were elected and the LDC was formed by March 2001. Meanwhile, at the first plant, one Jeep product line was discontinued, and another product line reduced the number of Jeeps produced. This resulted in layoffs from August 2001 until August 2002.

In January 2002, Appellant Thomas Rutherford challenged the March 2001 formation of the LDC by filing an internal appeal at the local union level. The union determined that the appeal was untimely because it was filed more than six months after the LDC had been created. After an unsuccessful series of attempts to have this internal union appeal, as well as other grievances, heard, Appellants filed their first complaint in this matter on August 26, 2002.

Appellants alleged in their complaint that UAW and Local 12 used their influence to favor millwrights and electricians over machine repairmen. They also contended that the creation of the LDC was not authorized by the union bylaws or constitution. Further, Appellants asserted that the work designations set forth in the lines of demarcation, created by the LDC, resulted in machine repairmen losing work and employment opportunities and, ultimately, being laid off in a greater proportion than the other skilled tradesmen. Appellants amended their complaint five times, adding additional plaintiffs and DaimlerChrysler as a defendant. Each complaint, however, sets forth substantially identical allegations. On May 19, 2006, UAW and Local 12 moved for summary judgment. The district court granted this motion on October 26, 2007, holding that Appellants failed to exhaust internal union remedies and were not excused from doing so. Appellants have timely appealed the district court's order.

**II**

This Court reviews *de novo* appeals from orders granting summary judgment. *EEOC v. Univ. of Detroit*, 904 F.2d 331, 334 (6th Cir. 1990). Summary judgment is granted when the movant demonstrates that the pleadings, depositions, affidavits, and other evidence available to the court establish no genuine issue of material fact. Fed. R. Civ. P. 56(c). If the movant meets its burden, the responding party must demonstrate that there is a genuine issue of material fact in dispute. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 572, 586 (1986). The responding party must set forth sufficient evidence supporting a claimed factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If the responding party fails to make a showing on an element for which he or she bears the burden of proof, the movant is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986). We review the evidence in the light most favorable to the party opposing the motion. *Matsushita*, 475 U.S. at 587.

In this case, however, the district court failed to address a threshold statute of limitations issue that could render the case untimely. For that reason, we will remand for the district court to reach a decision on the applicability of the statute of limitations. *See Dandridge v. Williams*, 397 U.S. 471, 476 n.6 (1970) ("When attention has been focused on other issues, or when the court from which a case comes has expressed no views on a controlling question, it may be appropriate to remand the case rather than deal with the merits of that question in this Court."); *Mt. Clemens v. EPA*, 917 F.2d 908, 916 n.7 (6th Cir. 1990) (remanding to district court and declining to affirm on alternative grounds "[b]ecause these arguments were not addressed by the district court and additional fact finding would be required to resolve the issues raised").

**A**

In its decision granting summary judgment, the trial court did not address the question whether Appellants filed their complaint within the applicable statute of limitations period. *See Burkholder v. UAW, et al.*, No. 02cv7422, 2007 WL 3165789 (N.D. Ohio Oct. 26, 2007). A complaint based on a union's breach of the duty of fair representation is subject to a six-month statute of limitations period. 29 U.S.C. § 160(b); *Delcostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 155 n.2 (1983). "As a general rule, the limitations period begins to run when the potential plaintiff 'knows or should have known of the union's alleged breach of its duty of fair representation.'" *Ratkosky v. United Transp. Union*, 843 F.2d 869, 873 (6th Cir. 1988). The statute of limitations may be tolled during the time in which an employee pursues internal union remedies. *Garrish v. Int'l Union*, 417 F.3d 590, 595 (6th Cir. 2005). However, "the statute of limitations is not tolled during the time an employee pursues internal union remedies that are completely futile." *Id.*

Appellants' breach of the duty-of-fair-representation claims relate to the manner in which the unions created the LDC and the subsequent effect from the creation and implementation of the lines of demarcation. According to the UAW and Local 12, the LDC elected representatives in January 2001 and was formed in March 2001. Mr. Rutherford internally appealed the formation of the LDC on January 4, 2002, nine months after the LDC was created. Appellants filed the original complaint on August 26, 2002, one year and five months after the LDC was formed. It is not clear from the record whether any events occurred between the formation of the LDC and Mr. Rutherford's initial internal union appeal, or the filing of the original complaint in this action, that create a basis for relief that is not time-barred.

Moreover, Appellants filed a Fifth Amended Complaint on September 29, 2005, that, apart from the inclusion of additional plaintiffs, includes allegations that are substantially identical to the first complaint. These allegations assert claims within the six-month statute of limitations period. Appellants allege that "[d]uring . . . the last six months, defendants . . . clearly favored other skilled trades . . . over the machine repairmen who are the plaintiffs." But the Fifth Amended Complaint fails to specify when the alleged breaches occurred or when Appellants learned of them. For example, Appellants allege that "Defendants . . . breached [their] duty of fair representation owed to the plaintiffs . . . . [and] continue to breach [their] duty of fair representation owed to plaintiffs and this constitutes a continuing violation of [their] duty of fair representation." There are no specific references to time, but Appellants allege that the acts complained of constitute a "continuing violation."

Although the statute of limitations is tolled while a party pursues internal union remedies, it is not tolled if the employee is pursuing internal union remedies that are completely futile. *Garrish*, 417 F.3d at 595. In their brief in support of their summary judgment motion, Appellants attempted to avoid the exhaustion bar by stating that they could not be afforded complete relief through the internal appeal process.

We have a duty to remand a matter for an evidentiary hearing where the facts do not appear in the record. *See, e.g.*, *Ringrose v. Engelberg Huller Co.*, 692 F.2d 403, 405 (6th Cir. 1982) (remanding issues of fact relating to the statute of limitations to the district court for a factual determination); *Leon v. Fed. Reserve Bank of Chicago*, 823 F.2d 928 (6th Cir. 1987) (same). Accordingly, upon remand, the trial court is instructed to determine whether Appellants' claims survived the statute of limitations.

**B**

If the district court determines upon remand that Appellants filed the action within the limitations period, it must determine whether Appellants' failure to exhaust is excused by the UAW and Local 12's breach of the duty of fair representation. *See Williams v. Molpus*, 171 F.3d 360, 369 (6th Cir. 1999) (providing that "[t]he general requirement that a grievant must exhaust his or her internal union remedies, however, is excused if the union breaches its duty of fair representation.") (relying on *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 571 (1976)).

The UAW and Local 12 ask this court to affirm the grant of summary judgment, contending that the holding in *Molpus* is wrong and confuses the requirement to exhaust contractual grievance procedures with internal union procedures. The UAW and Local 12 argue that *Hines* addresses the issue regarding the contractual grievance procedure, under a collective bargaining agreement, rather than the internal union procedure, under a union constitution. We disagree.

In both *Hines* and *Molpus*, the plaintiffs alleged breach of the collective bargaining agreement *and* a breach of the duty of fair representation. *See Hines*, 424 U.S. at 556; *Molpus* 171 F.3d at 364. In fact, in *Hines*, the Court explained that "[t]o prevail against either the company or the Union, [plaintiffs] must *not only show* that their discharge was contrary to the contract *but must carry the burden of demonstrating a breach of duty by the Union*." *Hines*, 424 U.S. at 570-71 (emphasis added). Moreover, *Molpus* explicitly states that one is excused from the exhaustion requirement if "the union breaches its duty of fair representation." *Molpus* 171 F.3d at 364. *Hines* and *Molpus* address the duty of fair representation–not whether a plaintiff pursues his or her grievance under the collective bargaining agreement rather than the union

-8-

constitution. Thus, the application of *Molpus* is not limited to a case involving only a grievance pursued under the collective bargaining agreement.[1]

The UAW and Local 12 also suggest that if applied, *Molpus* would eliminate the exhaustion requirement in suits alleging breach of the duty of fair representation. This argument fails to recognize that *Hines* was decided years prior to the creation of the *Clayton* factors. *See Clayton v. Int'l Union, UAW*, 451 U.S. 679, 689 (1981).[2] The exception to exhaustion set forth in *Molpus* simply represents the first and second factors set forth in *Clayton*. *Id.*

In *Hines*, the plaintiffs alleged their union breached its duty of fair representation by "arbitrarily and in bad faith depriving petitioners of their employment and permitting their discharge without sufficient proof." *Hines*, 424 U.S. at 558. Failing to process a grievance or submit evidence in support of a grievance could potentially fall under the first or second exceptions to exhaustion set forth in *Clayton*. Therefore, the exception set forth in *Hines*, and applied in *Molpus*, merely falls within the framework expressed in *Clayton* providing that "courts have discretion to decide whether to require exhaustion of internal union procedures."

---

[1]Moreover, the court notes that the UAW and Local 12 argued in the trial court and in their appellate brief that all of Appellants' claims are based on the collective bargaining agreement. If the court accepted this argument, which it does not, the UAW and Local 12 would presumably agree that *Molpus* applies here. The UAW and Local 12 do not address this in their supplemental brief addressing the application of *Molpus*.

[2]*Clayton* set forth the following three factors that could provide a court with discretion to excuse a failure to exhaust: "first, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim. If any of these factors are found to exist, the court may properly excuse the employee's failure to exhaust." 451 U.S. at 689.

*Clayton*, 451 U.S. at 689. We hold that *Molpus* applies to the instant matter and the district court, upon remand, should consider whether Appellants' failure to exhaust was excused by a breach of the duty of fair representation.

The UAW and Local 12 also ask this court to affirm the grant of summary judgment on the alternate ground that they did not breach the duty of fair representation in creating and implementing the lines of demarcation. However, because these arguments were not addressed by the district court, and additional fact finding would be required to resolve these issues, we decline their request. *See Mt. Clemens v. EPA*, 917 F.2d at 916 n.7 (remanding to district court and declining to affirm on alternative grounds "[b]ecause these arguments were not addressed by the district court and additional fact finding would be required to resolve the issues raised"). To provide their arguments with a proper hearing, and to grant Appellants an opportunity to respond, we will remand this matter to the district court for a hearing and findings on the issue of fair representation. If the district court finds that there is a disputed issue of material fact on this issue, it should proceed to a trial on the merits.

## C

The UAW and Local 12 also ask us to affirm the district court's grant of summary judgment on the alternative basis that Appellants' claims arise under Section 301 rather than Section 9(a). We decline to do so. The record shows that Appellants' claims are asserted under Section 9(a).

"Section 9(a) of the National Labor Relations Act, by virtue of its grant of exclusive representation status to a union over employees that make up a bargaining unit, creates a duty of fair representation on the representative union." *Pratt v. UAW, Local 1435*, 939 F.2d 385, 388

(6th Cir. 1991). "Section 9(a), in conjunction with 28 U.S.C. § 1337, creates a jurisdictional basis for actions for breach of the duty of fair representation . . . ." *Id.*

A union member may also bring suit against his union, or his employer, for breach of a collective bargaining agreement, pursuant to Section 301. Such an action is known as a "straightforward section 301 breach of contract claim [which] is merely a suit for breach of a labor contract, whether that contract be a collective bargaining agreement or a union constitution." *Moore v. Local Union 569 of Int'l Bhd. of Elec. Workers*, 989 F.2d 1534, 1541 n.2 (9th Cir. 1993).

When a union member files a Section 9(a) claim and a Section 301 claim in the same complaint, the action is known as a hybrid suit. "'A hybrid section 301 action involves two constituent claims: breach of a collective bargaining agreement by the employer and breach of the duty of fair representation by the union.' The two claims are 'inextricably interdependent.' Unless a plaintiff 'demonstrates both violations, he cannot succeed against either party.'" *Garrison v. Cassens Transp. Co.*, 334 F.3d 528, 538 (6th Cir. 2003) (citations omitted).

UAW and Local 12 contend that Appellants' claims fail because they are hybrid claims. We disagree. Appellants' complaint alleges that the UAW and Local 12 breached the duty of fair representation. There are no allegations against DaimerChrysler, nor have Appellants alleged a breach of the collective bargaining agreement.

### III

The grant of summary judgment is VACATED and the matter is REMANDED with instructions that the district court determine whether any of the claims asserted in the complaint were made within the statute of limitations. If the court finds that any of Appellants' claims

-11-

survive the statute of limitations bar, it should then determine whether the defendants breached

the duty of fair representation.

**RONALD LEE GILMAN, Circuit Judge, concurring**. I concur with the lead opinion's holding, but write separately to briefly address its analysis of *Williams v. Molpus*, 171 F.3d 360 (6th Cir. 1999). The lead opinion holds that *Molpus*, which provides that "[t]he general requirement that a grievant must exhaust his or her internal union remedies . . . is excused if the union breaches its duty of fair representation," controls the "exhaustion" aspect of the current case. Lead Op. at 8-10 (citing *Molpus*, 171 F.3d at 369). In so holding, the lead opinion reasons that the exception to exhaustion set forth in *Molpus* simply represents the first and second factors laid out in *Clayton v. Int'l Union, UAW*, 451 U.S. 679, 689 (1981). These factors are as follows:

> [F]irst, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; [and] second, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301 . . . .

Lead Op. at 9, n.2 (quoting *Clayton*, 451 U.S. at 689).

As the author of *Molpus*, I must sheepishly admit that I now believe the exhaustion-exception language in that opinion was overbroad. *Cf. Henslee v. Union Planters Nat. Bank & Trust Co.*, 335 U.S. 595, 600 (1949) (Frankfurter, J., dissenting) ("Wisdom too often never comes, and so one ought not to reject it merely because it comes late."). *Molpus*'s exception to the administrative-exhaustion requirement does not simply mirror the first two *Clayton* factors as the lead opinion states; instead, its broad language unconditionally waives the exhaustion requirement for any plaintiff who alleges a breach of duty of fair representation in his or her complaint. This consequence is contrary to the general policy of having labor disputes first submitted to internal union grievance procedures, *see Holmes v. Donovan*, 984 F.2d 732, 738 (6th Cir. 1993), and the UAW appropriately criticizes the *Molpus* language for that reason.

-13-

But because this panel is powerless to overrule a prior panel's published opinion, *see Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985), *Molpus* must govern our decision on the exhaustion issue. *Molpus* should, however, be closely scrutinized if the issue comes before a future *en banc* panel of this court.